## OWENS *vs.* WHITE.

[ASSUMPSIT ON THE COMMON COUNTS FOR SERVICES RENDERED.]

1. *Admissibility of evidence of plaintiff's general good character.*—Where plaintiff and defendant are both examined as witnesses under the statute, in assumpsit on the common counts for services rendered, and contradict each other in some particulars, and the defendant then introduces a witness who testifies to conversations of the plaintiff which, in some particulars, contradict her testimony on the trial, the plaintiff cannot be allowed to prove her good character, by the declarations of the defendant, or in any other manner.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. NAT. COOK.

This action was brought by Louisa White against Richard B. Owens, " to recover $200, due from defendant to plaintiff, for services rendered by plaintiff in the capacity of housekeeper, at the special instance and request of the defendant, during a part of the year 1852." The declaration contained all the common counts. The action was commenced in October, 1852, and the trial was had at the Spring term, 1855.

" On the trial," as the bill of exceptions states, " the plaintiff was examined as a witness, under notice to the defendant, and proved her claim against him. The defendant was also examined as a witness, and, in some particulars, contradicted the plaintiff. The defendant introduced the testimony of Calvin L. Casterline, which showed some conversations of the plaintiff, as to the terms on which she was living with the defendant, who was a tavern-keeper in the city of Montgomery, which, in some particulars, contradicted the plaintiff's testimony given on the trial. The plaintiff then offered a paper, signed by the defendant and others whilst the plaintiff was living with him, which certified to the good character of the plaintiff. The defendant objected to the introduction of this paper, but his objection was overruled; and the said paper was thereupon read as evidence to the jury, only of the declarations of the defendant that the plaintiff was of good character; and to this ruling of the court the defendant excepted." The admission of this evidence is now assigned as error.

. HILLIARD & THORINGTON, for the appellant.

WATTS, JUDGE & JACKSON, contra.

RICE, C. J.—In civil cases, evidence of the general character of a party is not admissible, except in certain actions, the very nature of which, as disclosed by the proceedings, amounts to notice that the character of the parties, or some of them, is of particular importance; such as actions for slander, criminal conversation, and breach of marriage contract.—Ward v. Herndon, 5 Porter's Rep. 382; Pearsall v. McCartney, at the present term; Rhodes v. Ijames, 7 Ala. R. 574; Anderson v. Long, 10 Serg. & Rawle, 55; 1 Greenlf. on Ev. § 54, et seq.

In an action of assumpsit, where the declaration contained only the common counts, the facts that the plaintiff had, under our statute, made herself a witness to prove her own account, —that the defendant, under the same statute, had made himself a witness to contradict her testimony in some particulars; and that he had introduced the testimony of a disinterested witness, showing " some conversations of the plaintiff, as to

the terms on which she was living with the defendant, who was a tavern-keeper in the city of Montgomery, which contradicted the plaintiff's testimony given on the trial in some particulars,"—will not authorize her to prove her good character, by the declarations of the defendant, or in any other mode. The plaintiff's character was not put in issue by the pleadings, nor by the evidence for the defendant. It was her claim, or cause of action, and not her character, that was assailed by the evidence for the defendant.—See the authorities above cited, and 1 Greenlf. on Ev. § 55.

It does not appear that she was asked, on her cross-examination, whether she had not had the conversations testified to by the witness for the defendant. Her own conversations, in relation to the matter in controversy, were original and proper evidence against her, whether she made herself a witness or not. Her own voluntary act, in making herself a witness, could not create in her the right to prove her good character after her conversations were proved; when it is clear she would not have had such right, if she had not been examined as a witness.

If, instead of making herself a witness, she had proved by a disinterested witness the same facts which she proved by her own oath, and the defendant had thereupon merely introduced evidence of her conversations, which contradicted the testimony of her witness, this, of itself, would not have authorized her to prove the good character of her witness; and she certainly cannot stand on higher and better ground than her witness would occupy.

The court below erred in admitting the evidence of her good character; and for that error, its judgment is reversed, and the cause remanded.