O. H. CURTIS v. CALVIN B. HOADLEY.

ATTACHMENT, *Sustained by Sufficient Evidence.* Where the affidavit for attachment against the property of a defendant in an action on a claim before it was due, alleged that the defendant was about to make a sale and conveyance of his property with the fraudulent intent to cheat and defraud his creditors, and to hinder and delay them in the collection of their debts, and plaintiff established upon the hearing of the motion to discharge the attachment that a few days prior to the attachment the defendant went to a young lady to whom he was engaged, and urged their immediate marriage, giving as his reason for the haste that his business affairs were becoming involved, and that he wanted to deed to her the land on which he lived, and to make over to her his personal property so that nobody could get it away from them; that he showed

her his deeds to the land and said that he wanted to go to a neighboring city the next morning to consult his lawyer, and promised that if she would go along with him and be married, that he would make over to her his personal property: *Held*, That the evidence was sufficient to sustain the attachment.

*Error from Lyon District Court.*

ACTION brought by *Curtis* against *Hoadley* upon a promissory note. December 29, 1882, the judge of the district court discharged an attachment therein which plaintiff had obtained against the property of defendant under §§ 230 and 231 of the code. Plaintiff brings this order here for review. The facts appear in the opinion.

*L. B. & J. M. Kellogg*, for plaintiff in error.

*W. A. Randolph*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff brought an action against the defendant upon a promissory note before it was due, and obtained an attachment against the property under the provisions of §§ 230 and 231 of the code. Afterward the defendant filed his motion and affidavit to discharge the attachment, for the sole reason that the grounds laid for the attachment in the plaintiff's affidavit were untrue. Upon the hearing of the motion before the judge of the court at chambers, various affidavits were submitted, and the case taken under advisement by the judge. Thereafter he decided the motion in favor of defendant, discharged the attachment, and rendered a personal judgment for costs against plaintiff.

Defendant suggests that the plaintiff's petition does not state a cause of action, and that as he did not amend or offer to amend it, there was no error in the discharge of the attachment. We cannot consider this question, because the motion heard by the judge was not based upon the ground that the petition was defective, and that matter was not discussed or considered in the hearing thereon. If any objection had been made to the petition, undoubtedly it would

have been amended at once if any amendment were necessary. As tending to establish that the defendant was about to make a conveyance of his property with the fraudulent intent to cheat and defraud his creditors, and to hinder and delay them in the collection of their debts, Jennie Shoup testified —

"That on September 10, 1882, she was engaged to be married at a future time to the defendant; that on that day he came to her and urged an immediate marriage, giving as his reason for the haste that his business affairs were becoming involved, and that he wanted to deed to her the land he had previously bought of the plaintiff, and make over to her his personal property so that nobody could get it away from them; that after showing his deeds to the land, he then said that he wanted to go to Emporia the next morning to consult his lawyer, and promised that if she would go along with him and be married, he would make a warranty deed of the land to her, and make over to her his personal property."

It also appears from the affidavits that the note sued on was given by the defendant to plaintiff for a portion of the purchase-price of the land attached in this case, and that upon the giving of the note plaintiff desired the execution of a mortgage on the land by defendant as security, but defendant represented that he was unwilling to place any incumbrance on the land, but promised and agreed with plaintiff that if he would take the note without a mortgage on the land, he would give the plaintiff good security for the payment of the note outside of the land, by good indorser or otherwise, to plaintiff's satisfaction; that plaintiff, relying upon these promises, delivered to him the deed to the land attached, and took the note; that immediately thereafter defendant executed to other parties a mortgage upon the land in question, including other lands, securing the amount of $1,250, and in a few months executed a second mortgage also to other parties embracing the same land, to secure $256.20. The defendant attempted to avoid the effect of the evidence of Jennie Shoup by stating that his promise to deed her his farm was said jokingly. He denied that he told her that he would convey to her his personal property. In view

of other questionable transactions to which the defendant was a party, we do not think his evidence worthy of much consideration.

The district judge ought not to have received, as against the objection of the plaintiff, the various affidavits of witnesses tending to prove that the defendant's reputation for honesty and fair dealing was good. (*Simpson v. Westenberger*, 28 Kas. 756.) Taking the whole record together, we are satisfied that there was ample evidence presented to the district judge to sustain the plaintiff's affidavit for attachment, and the ruling discharging the attachment was erroneous.

The order and judgment of the district court will therefore be reversed, and the cause remanded.

VALENTINE, J., concurring.

BREWER, J.: I concur in the judgment of reversal.