# Birmingham Railway, Light & Power Company *v.* Lindsey.

## *Action by Passenger against Street Railway to recover Damages for Personal Injuries.*

1. *Action by passenger against street railway; sufficiency of complaint to charge wantonness or intentional injury.*—In an action by a passenger against a street railway company to recover damages for personal injuries, alleged to have been sustained by the plaintiff while alighting from one of the defendant's street cars, a count in the complaint states a cause of action for wantonness or intentional injury, which avers that "while plaintiff was engaged in or about alighting from said car, defendant's servant or agent in charge or control of said car, having knowledge and notice that plaintiff was so engaged and that to cause him to fall to the ground would be highly dangerous to plaintiff, nevertheless, with said knowledge or notice, defendant through said servant or agent wantonly or intentionally caused plaintiff to fall or be thrown to the ground as aforesaid and as a proximate consequence thereof plaintiff suffered the injuries set out," etc.

2. *Action by passenger against street railway; charge of court to jury.*—In an action by a passenger against a street railway to recover damages for injuries alleged to have been sustained by him while attempting to alight from one of the defendant's street cars, the evidence for the plaintiff tends to show that he was thrown by reason of a sudden jerk of the car while he was attempting to alight, and the evidence for the defendant tended to show that there was no sudden jerk, but the plaintiff jumped from the car while the same was in motion, a charge is properly refused, as tending to mislead the jury, which instructs them that if they believe from the evidence "at the time the plaintiff alighted from the car there was no sudden jerk of the car" they must find for the defendant.

3. *Weight and sufficiency of evidence; charge in reference thereto.* In the trial of a civil case, in order to authorize a recovery

[Birmingham Railway, Light & Power Company v. Lindsey.]

by the plaintiff, the evidence must be sufficient to reasonably satisfy the jury of his right to recover; and a charge which instructs the jury that the burden is upon the plaintiff "to satisfy" them, exacts too high a degree of proof, and is properly refused.

4. *New trial; review on appeal.*—A decision of the trial court refusing to grant a new trial upon the ground that the verdict was "contrary to and against the weight of the evidence," will not be reversed, unless after allowing all reasonable presumption of its correctness, the preponderance of the evidence against the verdict is so decided as to convince the court that it is wrong and unjust.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This action was brought by the appellee, J. F. Lindsey, against the Birmingham Railway, Light & Power Company, to recover damages for personal injuries, alleged to have been inflicted upon the plaintiff while a passenger on a street car of the defendant. The complaint contained two counts. The substance of the averments of these two counts are sufficiently stated in the opinion.

The defendant demurred to the second count of the complaint upon the following grounds: 1. For that the count seeks to recover for intentional negligence and sets out a state of facts which show that the defendant was not guilty of intentional negligence. 2. For that the count fails to show that the defendant was guilty of wanton negligence or wantonness. 3. For that said count fails to show that the person in charge of said car intentionally caused plaintiff's injuries. The demurrer was overruled. The defendant pleaded the general issue and contributory negligence on the part of the plaintiff.

The evidence for the plaintiff tended to show that he boarded one of the street cars operated by the defendant in or near the city of Birmingham; that he paid his fare to the conductor and told him he wanted to get off on 21st street; when the car arrived at 21st street it stopped; that he rose from his seat and started to the platform and was standing upon the running board, reaching back to get his valise, when the car started

[Birmingham Railway, Light & Power Company v. Lindsey.]

with a sudden jerk, threw him to the ground, and inflicted painful injuries, for which he sought to recover damages in the present suit.

The evidence for the defendant tended to show that there was no sudden jerk of the car, and that the plaintiff alighted from the car before it had stopped, and that in so alighting he stepped off backwards and fell to the ground. There was other evidence introduced, but under the opinion on the present appeal it is unnecessary. to set it out in detail.

The defendant requested the court to give, among others, the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "If you believe from the evidence that at the time the plaintiff alighted from the car there was no sudden jerk of the car, you must find for the defendant." (3.) "The burden is upon the plaintiff to satisfy you by a preponderance of the evidence that the plaintiff was thrown from the car by a sudden jerk of the car while the plaintiff was stepping from the car, and if the plaintiff has not so satisfied you by such preponderance of the evidence, you must find for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $750. Thereupon the defendant moved the court to set aside the verdict and judgment and grant it a new trial, upon the ground that the court erred in giving the charges requested by the plaintiff, and the refusal to give the several charges requested by the defendant, and "for that the verdict in said case is contrary to and against the weight of the evidence." The court overruled this motion, and the defendant duly excepted.

The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant.—The second count of the complaint did not state a cause of action for wantonness or intentional injury. *Mitchell's Case,* 134 Ala. 261; *Bunt's Case,* 131 Ala. 591.

The court should have granted the motion for a new trial, and the judgment overruling such motion should be reversed on this appeal. The rule stated in the case of *Cobb v. Malone,* 92 Ala. 630, is not applicable to this case.—*Teague v. Bass,* 31 So. Rep. 4; *Railway Co. v. Brannen,* 31 So. Rep. 523; *Railway Co. v. Owen,* 33 So. Rep. 8; *Southern Railway Co. v. Lollar,* 33 So. Rep. 32; *Kansas City, etc. R. Co. v. Weeks,* 135 Ala. 614.

BOWMAN, HARSH & BEDDOW, *contra.*—The second count of the complaint stated a good cause of action for wantonness or intentional injury.—*Bunt's Case,* 131 Ala. 591.

Charge three refused to defendant has been condemned by numerous decisions of this court.—*Pullman P. C. Co. v. Adams,* 120 Ala. 599; *Vandeventor v. Ford,* 60 Ala. 610; *Street v. Sinclair,* 71 Ala. 110; *May v. Williams,* 27 Ala. 267; *Jarrell v. Lilly,* 40 Ala. 274.

SHARPE, J.—Plaintiff was riding as a passenger on a street car of defendant and, alighting therefrom, fell or was thrown to the street, and brought this suit, on account of personal injuries alleged to have been received on that occasion. In the first count of the complaint the injuries are ascribed to negligence of the defendant "in or about the management or operation of said car." In the second count the averment of wrong is that "while plaintiff was engaged in or about alighting from said car, defendant's servant or agent in charge or control of said car having knowledge and notice that plaintiff was so engaged and that to cause him to fall to the ground would be highly dangerous to plaintiff, nevertheless, with said knowledge or notice, defendant through said servant or agent wantonly or intentionally caused plaintiff to fall or be thrown to the ground as aforesaid and as a proximate consequence thereof plaintiff suffered the injuries set out," etc.

This last count was free from objections taken by demurrer. Therein the averment of wantonness or intention is made as characterizing the act causing the fall—an act so naturally and apparently dangerous to

[Mitchell v. Gambill.]

plantiff as to charge the perpetrator with knowledge of the danger; hence if the count be construed as not expressly averring such knowledge, it is not by such construction, rendered bad as a charge of wanton or intentional misconduct. In the particular just mentioned the count is materially different from those which because of alternative averments of knowledge and notice, were condemned in *Louisville & Nashville R. Co. v. Mitchell,* 134 Ala. 261; *Southern Ry. Co. v. Bunt,* 131 Ala. 591.

Charge 2 by assuming that plaintiff alighted from the car might have been taken by the jury as an intimation that plaintiff was not thrown from the car.

In civil cases the burden of proof is sustained by evidence sufficient to *reasonably* satisfy the jury. Charge 3 would have imposed upon the plaintiff too high a degree of proof.—*Torrey v. Burney,* 113 Ala. 496.

"The decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of evidence or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness the preponderance of the evidence against the verdict is so decided as to convince the court that it is wrong and unjust."—*Cobb v. Malone,* 92 Ala. 630. Such is the rule applicable to the refusal of defendant's motion for a new trial, and this court, being not convinced that the verdict was wrong and unjust, will not reverse for that refusal.

Affirmed.