No. 20,563.

NETA COLVIN, *Appellee,* V. ED WILSON, *Appellant.*

SYLLABUS BY THE COURT.

1. ASSAULT — *Action for Damages — Evidence — Reputation of Plaintiff for Truth and Veracity—Judicial Discretion.* Where in the trial of an action to recover damages for alleged assaults by defendant upon plaintiff the defendant introduces the testimony of several witnesses to contradict statements made by the plaintiff on cross-examination concerning matters collateral to the issues, the court may in the exercise of its sound discretion permit the plaintiff in rebuttal to prove her good reputation for truth and veracity in the community where she resides. On the facts stated in the opinion there was no abuse of judicial discretion in the admission of such rebuttal testimony.

2. ASSAULT — *Civil Action — Evidence — Character of Defendant.* In a civil action the character of a party is not admissible as evidence to disprove the act with which he is charged.

Appeal from Bourbon district court; CHARLES E. HULETT, judge. Opinion filed April 7, 1917. Affirmed.

*F. J. Oyler,* of Iola, and *J. G. Sheppard,* of Fort Scott, for the appellant.

*Hubert Lardner, B. Hudson,* and *Douglas Hudson,* all of Fort Scott, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Neta Colvin, the plaintiff, resides with her husband and children on a farm near Bronson in Bourbon county. Ed Wilson, the defendant, is a married man living near the plaintiff's home. The two families were neighbors and visited back and forth. Mrs. Colvin brought this action against Wilson to recover damages for two alleged assaults upon her person. The defendant answered with a general denial. The jury returned a verdict in plaintiff's favor for $500 upon which the court rendered judgment. Defendant appeals.

The plaintiff testified that on two occasions defendant came to her home during the absence of her husband and forcibly grabbed her in his arms, pulling her close to him; that she screamed and tried to get loose and struggled with him for two or three minutes until he desisted. She testified that on

Colvin v. Wilson.

the second occasion he tried to induce her to give him a kiss, and that he subjected her to other indignities.

1. The principal contention of appellant is that incompetent testimony was admitted over his objections. On rebuttal plaintiff produced three witnesses who testified that her general reputation for truth and veracity in the community where she resided was good. The objection to this was based on the claim that that no one had attacked her reputation as to truth and veracity, and therefore it was error to admit proof of such general reputation in rebuttal. The determination of the question depends upon what constitutes an attack upon the credibility of a witness. The evidence was not offered because the plaintiff was a party, but because she was a witness. On cross-examination, counsel for defendant asked her a number of questions upon collateral matters, illustrated by the following:

"Q. And you never fainted before this? A. No, sir.

"Q. In your life? A. No, sir, I never did.

"Q. You didn't tell Mrs. Howard that you was out in the cow lot and a cow got after you and frightened you before this occurred? Did you tell her that? A. No, sir."

Similar questions asked her as to statements made to Mrs. Leek were answered by the plaintiff in the negative. The defense subsequently called as witnesses Mrs. Howard and Mrs. Leek, who flatly contradicted plaintiff's statements on these matters. Again, on cross-examination, plaintiff was asked if she had ever flirted with defendant at his home, and if she had ever winked at him, to both of which questions she answered "No." The defense subsequently called Mrs. Wilson and her husband, who testified that plaintiff had flirted with him at his home and had winked at him. The defendant likewise called other witnesses who contradicted plaintiff on other wholly collateral matters. In each instance counsel asked the contradicting witnesses questions for which he claimed he had laid the proper foundation by the previous examination of plaintiff. The manifest and only purpose of the cross-examination as to these matters and the introduction of the testimony contradicting plaintiff's statements in respect thereto was to impeach her veracity as a witness; and we can conceive no sufficient reason why testimony showing the plaintiff's general reputation as to truthfulness and veracity was not

competent on rebuttal. It is insisted, however, that her repu-
tation for truth and veracity was presumed to be good until
attacked. This is of course fundamental. But it is also in-
sisted that no attack upon her reputation had been made. If
defendant is correct in the latter contention, he can not claim
that he suffered any prejudice by the admission of testimony
tending to establish something presumed and conceded to be
true. The defendant, however, did make an indirect attack
upon the credibility and veracity of the witness. In *Clem v.
The State,* 33 Ind. 418, it was said:

"The sole object in asking a witness whether he had made statements
elsewhere not in accordance with his testimony, and upon his denial,
calling other witnesses to show that he did make such statements, is to
create a belief that he is not a credible witness. Impeachment of a
witness by proof of his bad character is intended to accomplish exactly
and only the same thing. The statement and the bad character are
alike immaterial, except for the single purpose of affecting the credit of
the witness, and it is not easy to say that the two methods are not
about equally efficient in accomplishing the end. In either case, the
credibility of the witness is impaired. . . . If it is just in the one
case that a party should be permitted to establish the credit of his
witness by showing his good character, it is alike just in the other case."
(p. 427.)

The same conclusion was reached by the court in the case
of *First National Bank of Bartlesville v. Geo. W. Blakeman,*
19 Okla. 106, 91 Pac. 868. In the opinion in that case the
Oklahoma court concedes that there is an irreconcilable con-
flict in the authorities, and adopts the rule favoring the ad-
mission of such testimony in rebuttal as one founded upon the
better reason.

However, we do not wish to be understood as favoring the
adoption of the hard and fast rule that wherever proof has
been admitted showing contradictory statements of a witness
who is a party concerning matters foreign to the issues the
party whose veracity as a witness in the particular instance
has been assailed has then the absolute right to offer rebuttal
testimony to show his general reputation for truth and
veracity. The better rule, we think, is to leave the question
of the admissibility of such rebuttal testimony to the sound
discretion of the trial court. In view of the course pursued
by the defendant in the case at bar, there was certainly no
abuse of the trial court's discretion. The main issue was

whether the alleged assaults were committed. There was a flat contradiction in the testimony of the two parties as to what occurred. Aside from his denial of the assaults, the testimony offered by defendant consisted for the most part of attempts to show that the plaintiff had testified falsely as to wholly collateral matters inquired of in cross-examination.

2. The defendant offered to prove that his general reputation in the community as a moral, chaste and law-abiding citizen was good, to which the court sustained an objection. It is urged by plaintiff that defendant failed to produce this testimony in support of the motion for a new trial. His own affidavit was filed stating that the three witnesses whose testimony was rejected would, if permitted, have testified that his general reputation in these respects was good. Under section 307 of the civil code he should have produced the evidence "by affidavit, deposition or oral testimony of the witnesses." However, no error was committed. In a civil action the character of a party is not admissible as evidence tending to disprove the act with which he is charged. In *Curtis v. Hoadley*, 29 Kan. 566, where defendant was charged with fraud, the judgment was reversed for error in admitting evidence of defendant's reputation for honesty and fair dealing. To the same effect is *Simpson v. Westenberger*, 28 Kan. 756.

The judgment is affirmed.