34 So.2d 688

**BAGGETT v. STATE.**

7 Div. 915.

Supreme Court of Alabama.

April 8, 1948.

Handy Ellis, of Columbiana, and J. B. Atkinson, of Clanton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SIMPSON, Justice.

■ In civil actions the character or reputation of the litigants is generally regarded as irrelevant and evidence concerning it is not admissible. Parker v. Newman, 200 Ala. 103, 109(13), 75 So. 479; Lester v. Gay, 217 Ala. 585, 117 So. 211, 59 A.L.R. 1561; 20 Am.Jur. 229, § 319; 32 C.J.S., Evidence, § 423.

■ The rule seems to recognize an exception where the character or reputation of a party is put in issue by the very proceeding itself. Parker v. Newman, supra; Lester v. Gay, supra; 20 Am.Jur. 300, § 320; 32 C.J.S., Evidence, § 424.

However, we are not here concerned with the exception. This proceeding is by the State to condemn a motor truck of defendant Baggett, allègedly used for the illegal transportation in a dry county of liquor proven by the State to have been procured by the defendant and his son in one of the State liquor stores. The law officers spied on the defendant and his son when they emerged from the State store and followed them across the line into a dry county and arrested them for the possession of the liquor the State had sold them.

■ As a part of the State's case in chief, and over the objection and exception of the defendant, evidence was allowed to the effect that the defendant had a reputation of "being a bootlegger and dealing in whiskey." Under the rule stated, this evidence was inadmissible. This was but an attempt to prove the act with which he was charged by introducing evidence of reputation, which was clearly not permissible. Authorities, supra. See also Colvin v. Wilson, 100 Kan. 247, 164 P. 284, 6 A.L.R. 859.

■ The evidence to sustain the charge was in conflict and for the admission of this illegal evidence the decree of the trial court must be reversed and the cause remanded. Farish v. Hawk, 241 Ala. 352, 2

So.2d 407; Pfingstl v. Solomon, 240 Ala. 58, 197 So. 12; Schwab v. Powers, 228 Ala. 205, 153 So. 423.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.