103 So.2d 328

Ex parte Dan E. WELLS.

In re CITY COMMISSION OF CITY OF BIRMINGHAM

v.

Dan E. WELLS.

6 Div. 261.

Supreme Court of Alabama.

May 29, 1958.

C. H. Peay, Birmingham, for appellant.

J. Reese Johnston, Jr., Birmingham, for appellee.

PER CURIAM.

We have under consideration a petition to this Court for a common law writ of certiorari to the Circuit Court of Jefferson County seeking to review a judgment of that court which affirmed an order of the Personnel Board of Jefferson County dismissing petitioner as an employee in the fire department of the City of Birmingham. The writ was issued and in response there-

to there has been filed in this Court a transcript of the proceedings had in the circuit court with respect to the matter involved. Petitioner is Dan Wells who was an employee, with permanent status, in the fire department of the City of Birmingham. No answer has been filed in response to the facts alleged in the petition for certiorari; but that is immaterial to a consideration of this cause since the writ has issued and the record on which this submission is based has been certified and filed in this Court.

■ As stated above, there is no answer to the petition to this Court for certiorari to the circuit court. So that the facts there alleged are taken as true. The cause was heard on appeal to the circuit court from the action of the personnel board discharging petitioner as a fireman in the fire department of the City of Birmingham. The Civil Service Law applicable to Jefferson County and the City of Birmingham is controlling. Title 62, section 330(42), Pocket Part Code of 1940.

Appellant's brief filed in this Court on May 8, 1958, "reiterates that the sole question involved in this appeal is whether or not the undisputed event—made the basis of the charge against Dan Wells—constituted the requisite just cause or 'legal just cause,' as the authorities call it, for dismissal of Dan Wells, as required by section 330(42), Title 62, Code of Alabama, 1940, as last amended". Under the statute the appointing power may dismiss or demote an employee, holding permanent status, "for just cause whenever he considers the good of the service will be served thereby." Provision is made for an appeal to the personnel board, and that a public hearing be there conducted. Such an appeal was made and was heard by the board. The board adjudged that petitioner was guilty as charged and sustained his dismissal. Thereupon petitioner filed notice of appeal in the office of the clerk of the circuit court. Such an appeal is provided for in section 330(42), supra. It was there heard by a panel of three circuit judges. There is no objection

to this procedure, and none was made. The circuit court reviewed the evidence of both parties submitted to the personnel board, and sustained the action of the board. It is of that judgment the petitioner complains in this Court by authority of section 140 of the Constitution of Alabama. Ex parte Morris, 263 Ala. 664, 83 So.2d 717.

■ The facts upon which the personnel board and the circuit court acted were fully heard on the trials before them. It is not the province of this Court on a petition for common law certiorari to review the evidence, but only to find if there is any substantial evidence which supports the judgment.

It is therefore incumbent upon us to state the substance of the evidence necessary to consider in that respect. There does not seem to be much dispute as to the facts and occurrences. But the question is whether those facts are such that this Court may find that the personnel board and the circuit court were justified in finding just cause to believe that the good of the service required petitioner's discharge. The facts are supported by material features of the evidence, and are as follows: Dan Wells was a plugman serving on a twenty-four hour shift at a fire station in the City of Birmingham. The crew consisted of one Griffin, the lieutenant in charge of that shift, Forster a driver, McCartney a nozzleman and Wells. Pertinent allegations of the petition are as follows:

"(2) Robert ('Shorty') Epperson was an employee in a motorcycle repair business operated by Dan Wells, and had been around Station No. 26 a good bit before April 18, 1957, and had run errands for some of the men at the station at times when they could not leave their posts of duty.

"(3) On the night of April 18, 1957, at about nine o'clock P.M., Shorty, who had just taken a bath, was in the station office with Wells and McCartney, looking at a television show, without

his shirt and undershirt. Lt. Griffin saw Shorty through the glass door of the office above him, and suggested to him that if he was going to sit in the office, to put on his shirt. Shorty did not reply, and did not put on a shirt. Griffin went out of the room, but returned and asked Shorty what he said, when he saw Shorty shaking his finger. Shorty replied, 'Not a damn thing to you.' Griffin again told Shorty to put on his shirt, and Shorty said: 'It is dirty.' Lt. Griffin told him to put it on anyway, and again left the room.

"Then, after Griffin had left the room, Shorty asked what was the matter with the lieutenant. Wells answered that nothing was the matter with him, and told Shorty to put on his shirt and go on off, which he did.

"(4) On the morning of April 19, 1957, a few minutes before eight o'clock, A.M., Griffin saw Shorty in the office, and Griffin testified that he did not know whether Shorty had come over there to egg the argument on or to see Dan; that he (Griffin) evidently opened the door a little too hard, and Shorty said: 'Look out, Lieutenant, you are going to break that door.' Whereupon Griffin said that he decided it was time to find out if he or Shorty was running the station, and said: 'Shorty, I want to get something straight with you, young man, I am lieutenant at this fire station and am in charge of the fire station, and want you to get that straight in your head.' Whereupon, Shorty said: 'Look out, Lieutenant, you are going to push me too hard.' Griffin replied: 'As far as I am concerned, you can stay out of this fire station.' Shorty replied: 'Oh, you pushed me too far.' Then Shorty left the room. Shortly thereafter Shorty reported the incident to Dan Wells.

"(5) As Griffin started up the steps to the office, to turn the shift over to Lt. McGill, lieutenant of the succeed-ing shift, and who had arrived at the station a few minutes before, he met Dan Wells, who was leaving the station. Ben Byrd, Dan Wells' relief, had also reported at the station.

"Dan Wells then told Lt. Griffin, in substance, that he (Griffin) could push Dan around, but to leave Dan's friends alone; and that if he did not lay off Shorty, he (Dan Wells) was 'going to whip your god damn ass.' Whereupon, Lt. Griffin said: Well, we will just see if you can whip my 'g— d— a—'. Then, Lt. McGill said: There is no anybody going to whip anybody's a— because I am going to call the captain.

"Both Griffin and Wells were mad, but there was no fight, and the altercation was over in a moment."

The personnel board on hearing the charges was required to find whether the evidence sustained them, and whether the good of the service would be best served by dismissing or demoting the employee Wells. Section 330(42), supra. The board found that he should be dismissed. The employee then appealed to the circuit court where he was heard before three judges as provided by statute. The circuit court affirmed the finding of the personnel board discharging Wells, as we have stated above.

■ There is no provision of the statute to review that finding and judgment. Therefore section 140 of the Constitution authorizes this limited review by certiorari. Ex parte Morris, supra; Ex parte Bracken, 263 Ala. 402, 82 So.2d 629; Ex parte Darnell, 262 Ala. 71, 76 So.2d 770.

■ It is clear to us that the record contains no error of law, and that "the decision or order of the board is supported by the substantial and legal evidence". Title 62, section 330(42), supra.

Therefore, we have no difficulty in reaching the conclusion that the order and judgment of the personnel board and circuit court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.