107 So.2d 896

**STATE of Alabama**

v.

**DIXIE DAIRIES CORP.**

2 Div. 392.

Supreme Court of Alabama.

Jan. 8, 1959.

Le Maistre, Clement & Gewin, Walter P. Gewin, Tuscaloosa, and Geo. E. Sledge, Greensboro, for appellee.

STAKELY, Justice.

■ This case grew out of an assessment entered by the Department of Revenue of the State of Alabama for sales taxes against Dixie Dairies Corporation. The Department of Revenue set up a sales tax liability against Dixie Dairies Corporation based upon sales of fluid milk made through vending machines owned and operated by Dixie Dairies Corporation.

These vending machines belonging to the Dixie Dairies Corporation are located in various parts of Alabama including Hale and Mobile Counties. The Dixie Dairies Corporation does not own or control the premises on which the vending machines are located nor any premises surrounding the vending machines. The milk sold through the vending machines is packaged in paper cartons. The Dixie Dairies Corporation claims that it is exempt from the sales tax assessment by virtue of the provi-

John Patterson, Atty. Gen., Willard W. Livingston and Jas. R. Payne, Asst. Attys. Gen., for appellant.

**482**

sions of § 755(q), Title 51, 1955 Cumulative Pocket Part of Code of 1940. Section 755 is a part of the article dealing with the sales tax in Alabama and lists certain exemptions from this tax. Section 755(q) states the following:

"There are however exempted from the provisions of this article and from the computation of the amount of the tax levied, assessed or payable under this article the following:—(q) The gross proceeds of sale or sales of fluid milk as is now or may hereafter be defined by law when such sale or sales are made by a distributor who has purchased such fluid milk or the milk processed into such fluid milk direct from the producer thereof. Provided, however, that the term 'distributor' as used here shall not be construed to include hotels, restaurants, cafes, cafeterias, drug stores, grocery stores and other retail establishments where milk is served or sold for consumption on the premises or as an incident to the principal business."

The Department of Revenue took the view that the vending machine sales of fluid sweet milk made in the manner of the taxpayer's vending machine operations were taxable and that § 755(q) did not exempt the taxpayer from liability for the sales tax involved.

The Dixie Dairies Corporation appealed the assessment to the Circuit Court of Hale County where the issue was tried and determined in its favor. The State of Alabama brings this appeal from the ruling of the lower court.

The determination of this cause rests in the interpretation to be given to the statute involved, i. e. Title 51, § 755(q), supra.

Section 755(q) exempts the gross proceeds of the sale of fluid milk by a "distributor" who has purchased such fluid milk direct from the producer. It is insisted by the State that the taxpayer is not a distributor under the statute. The proviso to § 755(q) states that the term "distributor"

shall not be construed "to include hotels, restaurants, cafes, cafeterias, drug stores, grocery stores and other retail establishments where milk is served or sold for consumption on the premises or as an incident to the principal business."

There is no attempt to define the word "distributor" in § 755(q). The proviso to this section only excludes certain establishments from being classified as distributors.

Chapter 7, Title 22, Code of 1940, is concerned with the supervision and control of milk and milk products. In § 206 of Title 22 "distributor" is defined as "a person who purchases, accepts or receives milk for the purpose of putting such milk in bottles or other unit containers in which same is designed to be sold or for the purpose of cooling, pasteurizing, standardizing or otherwise processing such milk or fluid milk consumption or who buys milk from another producer, producer-distributor or distributor for the purpose of selling, jobbing or distributing such milk at wholesale or retail for any one or more such purposes." It should be noted that under this statute a "distributor" may sell, job, or distribute milk at retail as well as wholesale. The record shows clearly that the Dixie Dairies Corporation, under the above definition, is a distributor.

It is the State's contention that the Dixie Dairies Corporation's vending machines fall under the proviso of the exemption statute as "other retail establishments," and therefore the taxpayer is not a distributor within the terms of the statute. The State cites several cases to uphold its position that a vending machine dispensing tangible personal property for a consideration is a retail establishment. Even if this be true, the words "retail establishments" alone are not sufficient to make the proviso applicable. The proviso states "other retail establishments where milk is served or sold for consumption on the premises or as an incident to the principal business." There is nothing in the record to indicate that the sale of milk by the taxpayer through vending machines is an "incident to the principal busi-

ness." The State does not even make such contention. Hence, if the proviso is to exclude the Dixie Dairies Corporation from the classification of "distributor" with regard to the sale of milk through vending machines, it must do so under that part of the statute which states "other retail establishments where milk is served or sold for consumption on the premises."

The record confirms the contention of Dixie Dairies Corporation that the only premises that it had was the space used for the vending machines, that it had no possession or control of any other property. This being true the Dixie Dairies Corporation further contends that its sale of milk through the vending machines as has been previously described, could not be a sale "for consumption on the premises." We consider that this is a valid contention. If no premises were provided by the vendor for consumption of its milk then it is correct to conclude that the vendor was not selling milk "for consumption on the premises."

 In construing the proviso to the statute in question, we must apply a well established rule of construction that provisos following an enacting clause are to be given a rational construction in harmony with the general purpose and intent of the enactment with a view to carrying into effect the whole purpose of the law. Weill v. State ex rel. Gaillard, 250 Ala. 328, 34 So.2d 132.

It is the declared legislative policy of the State of Alabama to "promote, foster and encourage the intelligent production and orderly marketing of commodities necessary to its citizens, including milk * * *." § 205, Title 22, Code of 1940. The production and distribution of milk has been held to be a business that vitally affects the public. Franklin v. State ex rel. Alabama State Milk Control Board, 232 Ala. 637, 169 So. 295.

We therefore conclude that § 755(q), Title 51, was enacted for the purpose of exempting distributors of milk from the State sales tax, as such business is one which is vitally important to the public and which the State wishes to encourage. Title 22, § 206, supra. The proviso to the statute was added to except certain specific, but necessarily not all, retail establishments from being classified as "distributors" and thus disqualify them from the exemption.

We consider that on giving a rational construction to the portion of the proviso which states, "other retail establishments where milk is served or sold for consumption on the premises," the sales by Dixie Dairies Corporation of milk through vending machines in the manner previously described are not covered by the proviso to § 755(q). Therefore, the exemption applies and the lower court's decree which set aside and annulled the assessment of sales tax against the Dixie Dairies Corporation is due to be affirmed.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.