289 So.2d 614

**Grady SMITH**

v.

**The CIVIL SERVICE BOARD OF the CITY OF FLORENCE.**

**Civ. 242.**

Court of Civil Appeals of Alabama.

Jan. 30, 1974.

Drake, Knowles & Still, University, for appellant.

**47**

Arnold Teks, Florence, for appellee.

**BRADLEY, Judge.**

This appeal is from a verdict and judgment of the Circuit Court of Lauderdale County that the order of the Civil Service Board of the City of Florence affirming the discharge of policeman Grady Smith, Jr. was correct and not arbitrary or unjust.

The appellant, Grady Smith, Jr., was discharged by the City of Florence from his position as a policeman and he appealed the discharge to the Civil Service Board of the City of Florence. After hearing before that body, it was determined that the discharge was proper. Smith then appealed the decision of the Civil Service Board to the Circuit Court of Lauderdale County where another hearing before a jury was conducted. At the conclusion of this hearing, the verdict and judgment of the Circuit Court was that the Civil Service Board's decision was correct and not arbitrary or unjust. Motion for a new trial was filed and same was subsequently overruled. Appeal to this court is from the judgment on the merits and on the motion for new trial.

Assignment of error two contends that the trial court erred in not according to Smith a trial de novo as required by Act No. 1619, Acts of Alabama 1971, p. 2778, which is the statute prescribing the procedure to be followed by the Circuit Court of Lauderdale County when hearing an appeal from the Civil Service Board of the City of Florence.

Act No. 1619 provides, in pertinent part, as follows:

" . . . It shall not be necessary to enter exceptions to the rulings of the Civil Service Board, and the appeal shall be a trial de novo; provided, however, that upon hearing such appeal the introduction of the decision of the Civil Service Board shall be prima facie evidence of the correctness of such decision. . . ."

Smith argues that a trial de novo envisions a new trial in the Circuit Court as if no proceedings had been held before the Civil Service Board, and that the Circuit Court then makes an independent decision of whether disciplinary action was in order or not. He says this was not the procedure followed in this case.

A true de novo hearing of a matter decided by an inferior court or administrative agency is tried and determined as if no other proceedings had ever taken place.

It is a trial anew; a brand new proceeding as if such proceeding had been commenced in the reviewing court from the start. Ball v. Jones, 272 Ala. 305, 132 So.2d 120. It is also the rule that the Circuit Court may substitute its own judgment for that of the administrative agency. Ball v. Jones, *supra*.

In the instant case that is not what happened. At the hearing in the Circuit Court the Civil Service Board's decision was introduced into evidence and the Board rested. Smith then put on testimony and introduced other evidence and rested. The Civil Service Board then put on testimony in rebuttal. After instructions from the court, the matter was presented to the jury. The verdict returned was not an independent finding that Smith should be discharged from his job as a policeman, but was a finding that the Board had not acted arbitrarily or capriciously.

The failure to follow the de novo trial format was in part due to the statutory directive that the decision of the Civil Service Board could be introduced into evidence and, when it was so introduced, would be considered as prima facie evidence of its correctness.

Prima facie evidence has been defined as:

" . . . [E]vidence which, if unexplained or uncontradicted, is sufficient in a jury case to carry the case to the jury, and to sustain a verdict in favor of the issue which it supports, but which may be contradicted by other evidence, and is thus distinguished from conclusive evidence, which the law does not allow to be contradicted." McKinzie v. Standard Accident Ins. Co., 198 S.C. 109, 16 S.E. 2d 529.

See also City of Jackson v. LaChance, 372 S.W.2d 479 (Mo.App.); New Orleans & G. N. R. Co. v. Walden, 160 Miss. 102, 133 So. 241; and Merit Clothing Co. v. Lees, 218 So.2d 779 (Fla.App.).

In cases such as the one now before us, the method of review in the appellate court is governed by statute, Carter v. Board of Trustees of Policemen and Firemen's Retirement Fund of City of Gadsden, 42 Ala.App. 99, 154 So.2d 43, cert. den. 275 Ala. 692, 154 So.2d 45; and, where the statute provides a particular method of review, it controls. Howle v. Ala. State Milk Control Bd., 265 Ala. 189, 90 So.2d 752. The method of review in the Circuit Court of the Civil Service Board's decision is by trial de novo, except that the Legislature has provided that the proponent of the correctness of the Board's decision makes out a prima facie case when the decision is introduced into evidence. The office of a proviso is to modify or restrict the preceding matter in the statute. Touart v. American Cyanamid Co., 250 Ala. 551, 35 So.2d 484; State v. Dawson, 264 Ala. 647, 89 So.2d 103. However, such exception should be strictly, though reasonably, construed, and extended no further than the language warrants. State v. Praetorians, 226 Ala. 259, 146 So. 411; State v. Dixie Dairies Corp., 268 Ala. 480, 107 So.2d 896. Consequently, we conclude that the Legislature, in Act No. 1619, *supra*, has prescribed a modified do novo proceeding in the Circuit Court for the review of matters decided by the Civil Service Board of the City of Florence. In other words, the proponent of the Board's action still has the burden of proving that the Board's action was proper. This burden can be satisfied by introducing into evidence the decision of the Board, for it has been provided that when this is done, said decision is to be considered as "prima facie evidence" of its correctness.

The term "burden of proof" has been defined as:

" . . . [T]he duty of establishing the truth of a given proposition or issue by such an amount of evidence as the law demands in the case in which the issues arise. It is sometimes also said to mean the duty of producing evidence at the beginning or at any subsequent stage

of the trial in order to make or meet a prima facie case. In some of our cases this is referred to as the burden or duty to go forward with the evidence. The burden in the sense of the duty of producing evidence may pass from party to party as the case progresses but the burden of proof meaning the obligation to establish the truth of a given proposition or issue rests throughout the trial upon the party asserting the affirmative of the issue and unless he meets this obligation upon the whole case, he fails. The burden of proof never shifts during the course of the trial . . . ." King v. Aird, 251 Ala. 613, 38 So.2d 883; Birmingham Trust & Savings Co. v. Acacia Mut. Life Assn., 221 Ala. 561, 130 So. 327. See also Gillingham v. Phelps, 11 Wash.2d 492, 119 P.2d 914.

■ In the present case the decision of the Board was introduced into evidence to commence the case before the jury, and Smith was directed to go forward with his evidence if he so chose. Had Smith chosen not to introduce any evidence in his behalf, the prima facie case made by the introduction into evidence of the Board's decision would have sustained the Board's burden of proving that Smith was properly discharged, and a directed verdict would have been in order. However, Smith did introduce evidence to refute the prima facie case made by the introduction of the Board's decision. Therefore, at the conclusion of Smith's rebutting evidence, the prima facie correctness of the Board's decision would disappear and the proponent of the unfitness of Officer Smith to remain on the police force would still have the burden of proving the truthfulness of its contention in order to carry the day. King v. Aird, *supra*. Had the Board failed to introduce evidence of the correctness of its decision, Smith, whose evidence was at that point undisputed, would have been entitled to a directed verdict. Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897. In the present case the Board did introduce evidence to support its decision;

therefore, the question of the validity of Smith's discharge should have been submitted to the jury on all of the evidence.

We conclude, then, that the statutory procedure for hearing appeals from the Civil Service Board of the City of Florence as set out in Act No. 1619, *supra,* was observed by the trial court.

Having established the propriety of the trial procedure under Act No. 1619, *supra,* we now must concern ourselves with the contention that the written charges given to the jury at the request of the Board were erroneous.

■ Appellant commences his argument in this regard by stating that given charge one, which provides:

"I charge you, as a matter of law, that the decision of the Civil Service Board of the City of Florence is presumed correct and valid, and must be upheld in the absence of oppression and bad faith on the part of said Board,"

is bad for the reason that the presumption of the correctness of the Board's decision disappears when rebutting evidence is introduced, and when this occurs, no further mention of the presumption should be made by the court. Also the charge stated that the Board's decision must be upheld, " . . . in the absence of oppression and bad faith."

Under the trial de novo procedure spelled out in Act No. 1619, *supra,* the proponent of the Civil Service Board's decision had the burden of persuading the jury that Smith should be discharged from the Florence police force. This could be done by introducing the Board's decision into evidence. Absent rebutting evidence from Smith, the burden would be satisfied. Should Smith introduce any relevant evidence to rebut the prima facie case, the prima facie case previously made out would disappear and it would then be incumbent upon the proponent of the Board's decision to produce evidence so as to persuade the jury of the validity of its claim—and this was done in the instant

case. Thereupon, the jury would decide from the evidence—sans the prima facie case—whether they were reasonably satisfied of the verity of the Board's case; hence, given charge one erroneously charged the jury on the effect of the prima facie case made by the Board's decision.

■ The court's direction to the jury that it must find for the Board if no oppression or bad faith infected the Board's decision is an incorrect statement of the law as applied to this case. No such criteria was prescribed by the Legislature for assessing the action of the Board. The statutory directive was for a new trial, i. e., a trial de novo, of the question of whether Smith should be discharged from the Florence police force. The jury was then to make this determination based on all of the evidence presented to it.

The above described charge to the jury unduly restricted the latitude accorded the trier of fact in reaching the issue placed before it by the appeal in this case and was misleading; it should not have been given to the jury.

Given charge two provides:

"The Court charges the jury that the decision of the Civil Service Board of the City of Florence is presumed correct and valid and need not be supported by the preponderance of the testimony but also must be supported by substantial evidence. That substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

As previously stated, the court should not have charged that the Board's decision was presumed valid and correct; furthermore, the aspect of the charge stating that Smith's discharge need not be supported by the preponderance of the evidence is not a correct statement of the law but the giving of such a charge does not constitute reversible error.

■ In civil cases in Alabama· in the absence of a specific directive to the contrary, the criteria for an affirmative verdict is that the jury be reasonably satisfied by the evidence of the truthfulness of the issue before them. Birmingham Railway, Light & Power Co. v. Lindsey, 140 Ala. 312, 37 So. 289; All American Life & Cas. Co. v. Moore, 286 Ala. 492, 242 So.2d 661. However, the giving of a charge which states that the jury must be reasonably satisfied by a preponderance of the evidence, while misleading because it places a greater burden on the plaintiff than is required and therefore is not the law, does not constitute reversible error. Gunthorpe v. State, 277 Ala. 452, 171 So.2d 842.

Although given charge two does not require a reversal for the use of the term "preponderance of evidence," the use therein of the term "substantial evidence" does require a reversal for the reason that the statute authorizing the instant proceeding did not authorize such a measure of proof. The measure of proof required to authorize a finding for the proponent of the Board's decision was that the jury be "reasonably satisfied" by the evidence as in other civil cases.

The cases cited by appellee, i. e., Ex parte Watkins, 268 Ala. 567, 109 So.2d 671; Ex parte Wells, 267 Ala. 444, 103 So.2d 328; and Ex parte Morris, 263 Ala. 664, 83 So.2d 717, supportive of the proposition that an administrative agency's decision need only be supported by "substantial evidence" are not apt authority for the reason that in each of those cases the statute required that the appeal of the agency's decision be heard on the record made before the agency and the reviewing court was restricted in its examination to the question of whether the agency's decision was supported by substantial evidence. This was a requirement of the governing statute in each of the cited cases, whereas in the instant case we have a modified trial de novo in the reviewing court where the question of whether or not Smith should be discharged is tried as if the proceeding had commenced in that court.

And, the quantum of proof required is that required in the ordinary civil case.

Given charge five was premised on the same quantum of proof and was therefore erroneously given.

Given charges three and four placed the burden of proof, i. e., the burden of persuasion for satisfying the jury of the truthfulness of the issue before it, on Smith.

■ Under a de novo trial, as previously stated, the proponent of the discharge of Smith before the Board had the burden of persuading the jury that Smith should be discharged. This burden by virtue of the proviso in the statute could be satisfied by introducing into evidence the decision of the Board on the matter. However, as we have stated, the prima facie case made by the introduction into evidence of the Board's decision was rebuttable. The burden of introducing rebutting evidence did shift to Smith after the introduction of the Board's decision, but the burden of persuasion never did shift.

■ A charge which misplaces the burden of proof is reversible error. Associated Doctors Health and Life Ins. Co. v. Hanks, 44 Ala.App. 92, 203 So.2d 148; Alabama Fertilizer Co. v. Reynolds, 79 Ala. 497. Consequently, written requested charges three and four were erroneously given and constitute reversible error.

[■ Assignments eleven through sixteen assert that the appellant had a right to show his good character, his service record, and his past conduct. The argument in support of these assignments of error is essentially that while in most civil cases character is not relevant, in this case it is. The reasoning seems to be that Smith's character is in question inasmuch as the matter before the Personnel Board was to determine the fitness of Officer Smith to be a police officer. The appellant says that he had a right to show that he had a general reputation for peace and quiet since the proceeding against him was essentially one for an assault and battery. The longstanding general rule in Alabama is that the character of a party to a civil action is not admissible to show conduct on a specific occasion. Owens v. White, 28 Ala. 413. Exceptions have been allowed to this rule. See Parker v. Newman, 200 Ala. 103, 75 So. 479 (good character shown as an essential fact in an alienation of affection action). The particular exception cited by the appellant arises from the case of Cain v. Skillin, 219 Ala. 228, 121 So. 521. In that case the plaintiff's reputation for violence was allowed to be shown as evidence by the defendant in an assault and battery. See also Baggett v. State, 250 Ala. 413, 34 So.2d 688. The few exceptions from the general rule of Owens v. White, *supra,* are of limited effect. We cannot find any indication that this general rule has been stricken, nor do we feel that any further exceptions should be carved out. The case at bar is one involving Officer Smith's competency to be a police officer. We feel the exception of Cain v. Skillin, *supra,* is inapplicable and that the admission of the testimony in question would only have confused the jury as to the issues; therefore, the trial court did not err in refusing to admit such evidence.

Assignment eighteen asserts that the trial court committed error in refusing to admit testimony by Officer Vineyard, a fellow officer, to the effect that the complaining witness, Jackson, was prejudiced toward the police. The offer of proof was for the purpose of showing that Officer Vineyard had arrested Jackson the night before the incident in question on a similar charge.

■ We conclude that the trial court properly refused to admit such testimony for the reason that a proper predicate had not been laid for the reception of such proof. The complaining witness, Jackson, had not at this time taken the stand to give his testimony, and we believe that he should have been first queried about his attitude toward the police, prior to the presentation of the above testimony.

Willis v. State, 37 Ala.App. 185, 66 So.2d 753, cert. den. 259 Ala. 500, 66 So.2d 756. This was not done. Although the objection made was general, the sustaining of a general objection where there was any sufficient ground for the trial court's action will be affirmed. Burns v. Leath, 236 Ala. 615, 184 So. 176.

The essential question still remains, however, as to whether such evidence is relevant to show bias if the proper predicate is laid, and for purposes of retrial, we will attempt to answer it. The question in its. most narrow terms can be stated to be whether Jackson's prior confrontations and dealings with the police would reflect any prejudice or bias toward Officer Smith. Several cases of various courts have held that prejudice or bias toward a group can be shown in testimony to indicate bias toward another who is a member of that group. In Magness v. State, 67 Ark. 594, 50 S.W. 554, it was held that testimony of racial prejudice was pertinent to show bias against a Negro defendant. The Supreme Court of Connecticut has likewise held that it was not improper cross-examination to test for a witness' bias toward a racial group of which a party was a representative. Jacek v. Bacote, 135 Conn. 702, 68 A.2d 144. This view of the law has been adopted and followed by the federal courts in a case more similar to the one at bar. United States v. Kartman, 417 F.2d 893 (9th Cir.). That case involved a conviction for assaulting a federal marshal. The trial court ruled that it was improper to elicit testimony relative to the marshal's prejudice toward anti-war protestors of which the defendant was a member at the time of the attack. The Ninth Circuit held that such testimony was proper to test the witness' credibility. The court cited both the *Magness* and *Jacek* cases, *supra*. While we have found no Alabama authority on point, we have found no authority to the contrary of that cited above, and believe this to be the majority rule.

There still remains the question of whether a prior arrest record standing alone would be relevant evidence tending to show bias toward police officers. We do not believe that it would. The trial courts in Alabama have a considerable measure of discretion in allowing testimony which shows bias, Green v. State, 258 Ala. 471, 64 So.2d 84, and this court does not wish to substitute its own discretion for that of the trial court. If the appellant could show by competent evidence, actions, or a series of actions demonstrating prejudice toward police or statements by the witness, Jackson, of his dislike for police, then such evidence would be proper. However, we do not believe an arrest record standing alone would necessarily indicate such ill feeling, and therefore we could not say that it would be an abuse of discretion to disallow such evidence.

For the errors committed by the trial court, this case is reversed and remanded for a new trial.

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.