WISE, Justice.
The City of Florence, Alabama, a municipal corporation (“the City”), and the Civil Service Board of the City of Florence (“the CSB”) and Keith McDaniel appeal separately from a judgment entered by the Lauderdale Circuit Court following a jury verdict in favor of William T. Ezell. We dismiss the appeals with instructions.
Facts and Procedural History
In mid 2011, two positions for promotion to the job of battalion chief became available within the Florence Fire and Rescue Department. Benjamin Cochran, Melvin Brown, Tim Clanton, John T. Muse, McDaniel, and Ezell applied for the positions. The CSB conducted interviews with the candidates on September 1, 2011. Afterward, it promoted Cochran and McDaniel to the two battalion-chief positions.
On September 12, 2011, Ezell filed a two-count complaint against the City and the CSB in the Lauderdale Circuit Court. The first count was an appeal from the decision of the CSB pursuant to Act No. 1619, Ala. Acts 1971 (“the Act”). The second count sought a judgment declaring that the CSB had acted arbitrarily and capriciously with respect to the promotion decision and overturning the CSB’s decision to deny Ezell’s application for promotion to battalion chief.[1] The complaint included a demand for a jury trial.
On October 18, 2011, the City and the CSB filed an answer in which they denied Ezell’s allegations. They also asserted that Ezell had failed to join certain indispensable parties. The City and CSB simultaneously filed a motion to dismiss count 1 of the complaint pursuant to Rule 12(b)(7), Ala. R. Civ. P., arguing that all six applicants were indispensable parties. They then asked that count 1 of the complaint be dismissed or that Ezell be required to add Cochran, Brown, Clanton, Muse, and McDaniel as defendants.
On April 16, 2012, the trial court ordered Ezell to amend his complaint to make Cochran, Brown, Clanton, Muse, and McDaniel parties to the suit. On April 17, 2012, Ezell amended count 1 of his complaint and also added Cochran, Brown, Clanton, Muse, and McDaniel as defendants. The City and the CSB filed an answer to the amended complaint in which they denied Ezell’s allegations and argued that the complaint failed to state a claim upon which relief could be granted.
The trial court conducted a jury trial following the procedure outlined in Smith v. Civil Service Board of Florence, 52 Ala. App. 44, 289 So.2d 614 (Ala.Civ.App.1974). After the jury heard the evidence, the trial court instructed the jury, in part,
“to decide this case and who should be promoted to the two vacant positions of Battalion Chief based on the evidence presented to you during the trial.”
The jury returned the following verdict:
“We are not reasonably satisfied that the decision of the [CSB] was correct and we find that the following 2 individuals should be promoted to Battalion Chief (pick two) ... Benjamin Cochran ... William Ezell.”
The trial court entered a judgment on the verdict and ordered that the status quo be maintained during the pendency of any appellate proceedings.
The City, the CSB, and McDaniel filed posttrial motions, which the trial court denied. McDaniel filed an appeal to this *456 Court; that appeal was docketed as case no. 1130372. The City and the CSB also filed an appeal to this Court; that appeal was docketed as case no. 1130373.

Discussion

In their briefs to this Court, the appellants raise several challenges to the procedure the trial court followed during the trial. However, before we can examine those challenges, we must first determine whether Ezell had a right to appeal the CSB’s decision pursuant to the Act. The Act provides:
“An appeal may be taken from any decision of the [CSB] in the following manner: Within ten (10) days after any final decision of such [CSB], any party, including the governing body of the city, feeling aggrieved at the decision of the [CSB], may appeal from any such decision to the Circuit Court of the County. Upon the filing of such appeal, notice thereof shall be served upon any member of the [CSB] and a copy of said notice shall be served upon the appellee or his attorney by the appellant. Such appeal shall be heard at the earliest possible date by the court sitting without a jury, unless a jury is demanded by the appellant at the time of filing his notice of appeal or by the appellee within ten (10) days after notice of appeal has been served upon him. In the event either party demands a jury as provided above, the appeal shall be heard at the next regular jury term of court and shall have priority over all other cases. No bond shall be required for such an appeal and such an appeal shall be effected by filing a notice and request therefor by the appellant upon any member of the [CSB] and upon the appellee as herein provided for above and also by filing a notice and request for an appeal with the Clerk of the Circuit Court. It shall not be necessary to enter exceptions to the rulings of the [CSB], and the appeal shall be a trial de novo; provided, however, that upon hearing such appeal the introduction of the decision of the [CSB] shall be prima facie evidence of the correctness of such decision. An appeal may be taken from any judgment of the Circuit Court to the Court of Appeals or the Supreme Court as now provided by law.”
Act No. 1619, Ala. Acts 1971, § 2.
The Act provides that any party “feeling aggrieved at the decision” may appeal; however, it does not define the term “aggrieved.” The term “aggrieved” is defined in Black’s Law Dictionary 80 (10th ed.2014) as “having legal rights that are adversely affected; having been harmed by an infringement of legal rights.” Therefore, only a party whose legal rights have been adversely affected by a decision of the CSB may appeal pursuant to the Act.
Pursuant to Act No. 437, Ala. Acts 1947, the CSB promulgated rules and regulations setting forth the procedure to be followed when promoting employees of the Florence police and fire departments. If the CSB fails to follow its own procedural and substantive rules with regard to employment decisions for those departments, a party’s legal rights may be adversely affected, and the party may be aggrieved, for purposes of the Act.
In his original complaint, Ezell included the generic allegation that the CSB “denied his promotion and in his place promoted Lieutenant Keith McDaniel in disregard of the rules of the CSB and the employment rules of the Florence Fire and Rescue Department.” During his opening statement, counsel for Ezell argued that Ezell and Cochran performed better than the other candidates in the promotional reviews by the chief and the supervisors at the fire department. He also argued that *457 Ezell had the experience and the training and the best record of the candidates for the promotion.
During the trial, the City and the CSB presented evidence indicating that, in September 2011, the fire chief notified the CSB that there were two open battalion-chief positions. Both lieutenants, who were one rank below battalion chief, and captains, who were two ranks below battalion chief, were eligible to apply for the positions. The job openings were posted, and applications were filled out and submitted. Afterward, human-resources personnel identified those applicants who were qualified to be promoted to the battalion-chief positions; compiled all the information about each qualified applicant, including evaluations performed by command-staff members at the department; submitted a notebook with all the information for each CSB member to review; and scheduled interviews.
The CSB members who testified indicated that they reviewed and considered the information about each candidate included in the notebooks prepared by the human-resources personnel. However, they indicated that they did not base their decision solely on the information provided by the human-resources personnel. Instead, the CSB members who testified indicated that they attempted to choose people who would best represent the fire department and added that the decision was influenced by such subjective factors as the appearance, attitude, and responses of the candidates during their interviews.
Lindsey Mussleman Davis, one of the CSB members, testified that the CSB could not make the decision based solely on the candidates’ experience and training. She also testified that the information that had been provided by the human-resources personnel was a tool the CSB members used in making an employment decision but that it was not the final test. Finally, she stated that the decision to promote McDaniel instead of Ezell was not unanimous, but she added that there was no requirement that the decision be unanimous.
During the trial, Ezell did not present any evidence to support his allegation that the CSB had “denied his promotion and in his place promoted Lieutenant Keith McDaniel in disregard of the rules of the CSB and the employment rules of the Florence Fire and Rescue Department.” In fact, he did not present any evidence regarding the rules of the CSB or the department. Instead, Ezell focused on his training and experience and the fact that he had outscored McDaniel on several of the evaluations that had been performed by the department’s command staff to argue that he was more qualified than was McDaniel for the position of battalion chief.
During his closing argument, counsel for Ezell emphasized the evaluations by the department’s command-staff members in which Ezell had outscored McDaniel and noted that the CSB members knew nothing about firefighting. He also took issue with the fact that the CSB members took into account the fact that the battalion chiefs would be the “face” of the City and considered the impression the battalion chiefs would make with the media. Counsel further argued that Ezell deserved the promotion based on his experience and qualifications.
Finally, in his brief in opposition to a stay of the judgment, counsel for Ezell argued that the CSB’s decision to promote McDaniel instead of Ezell was “a wrong decision” and “was not supported by any extraordinary circumstances which would warrant such a promotion.” However, even then, counsel did not present any argument or evidence to establish that extraor *458 dinary circumstances were required before the CSB could make such a promotion.
Thus, Ezell did not present any arguments or evidence to establish that his legal rights had been adversely affected by the CSB’s promotion decision. At most, his arguments and evidence simply focused on his personal dissatisfaction with the way in which the CSB exercised its discretion pursuant to its internal rules and regulations in making the decision to promote McDaniel over him. He did not present any evidence that would establish that the CSB members were not allowed to consider factors other than those evidenced by the notebooks provided by the human-resources personnel in making their decision. Therefore, Ezell failed to establish that he was an aggrieved party for purposes of the Act and, accordingly, failed to demonstrate that he had a right to appeal the CSB’s decision.
Because Ezell failed to demonstrate that he had a right to appeal the CSB’s decision, the trial court lacked subject-matter jurisdiction to entertain his appeal. “ ‘Where “the trial court ha[s] no subject-matter jurisdiction, [it has] no alternative but to dismiss the action.” ’ Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So.2d 1177, 1182 (Ala.2006) (quoting State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala.1999)).” Ex parte Stewart, 985 So.2d 404, 409 (Ala.2007). Therefore, the trial court should have dismissed Ezell’s appeal.

Conclusion

“ ‘A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.’ Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008).” MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 394 (Ala.2011). Accordingly, we dismiss these appeals with instructions to the trial court to vacate its judgment.[2]
1130372 — APPEAL DISMISSED WITH INSTRUCTIONS.
1130373 — APPEAL DISMISSED WITH INSTRUCTIONS.
STUART, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs specially.
MOORE, C.J., and MAIN, J., concur’ in the result.
SHAW and BRYAN, JJ., dissent.

. It appears that Ezell abandoned count 2 at trial.

. Because of our disposition of these appeals, we pretermit discussion of the issues the parties raise in their briefs to this Court.