(131 So. 549)

### INTER-OCEAN CASUALTY CO. v. SCRUGGS.

8 Div. 114.

Court of Appeals of Alabama.

Nov. 11, 1930.

Rehearing Denied Nov. 25, 1930.

Cooper & Cooper, of Huntsville, for appellant.

Brickell & Johnston, of Huntsville, for appellee.

BRICKEN, P. J.

Appellee, Henrietta Scruggs, sued appellant, Inter-Ocean Casualty Company, upon a policy of insurance issued by appellant to Calvin Scruggs, husband of appellee. The policy provided indemnity for loss of life, limb, limbs, sight, or time by accidental means, and for loss of time and death from sickness not caused by accidental means, subject to certain limitations which we shall presently point out.

The front page of the policy, so far as pertinent to the questions now involved, appears substantially as follows:

"The Improved 'Ten Pay' Special Policy.

"This policy provides indemnity for loss of life, limb, limbs, sight or time by accidental means and for loss of time and death from sickness as herein limited and provided.
"Class
"AA
"Protection.

"Inter-Ocean
Casualty Company
"Executive Offices          Cincinnati, Ohio.
"Incorporated under the laws of the State of Indiana
"Founded 1903
(Hereinafter Called The Company)
"Monthly Benefits $30.00      Death Benefit
                              at Beginning $500
"Maximum Monthly     Maximum Death
   Benefits      $60.00          Benefit     $1,000
"Does hereby insure
"Calvin Scruggs
(Hereinafter called the Insured)
"Section 'A'.

"Against the effects of bodily injuries caused directly, solely and independently of all other causes, by external, violent and accidental means, which bodily injuries, or the effects thereof, shall not be due directly or indirectly to any mental or physical defect or infirmity, and which shall within thirty (30) days from the date of the accident result in a loss as provided in Section 'B' or 'C' or in continuous disability as provided in Section 'D' (suicide or any attempt thereat not covered) and against disability and death from illness that is contracted and has its beginning after thirty (30) days from date this policy is issued or more than thirty (30) days from date of last reinstatement as provided in Sections 'G,' 'H,' and 'K' hereof."

Next thereafter follow separately lettered sections, commencing with the letter B and extending through the letter Q, containing provisions setting forth in great particularity the risks insured against, and other terms and provisions.

Under section B, which it will be noted is specially referred to in section A, is set forth the amounts to be paid for certain accidental injuries, as the loss of eyes, hands, and feet, and the provision: "For loss of life— $500.00."

Section C states that, when death results from an accident under certain limited circumstances (while riding as a fare-paying passenger within the inclosed part of a railway passenger train, street or interurban car, provided by a common carrier for the exclusive use of passengers), the amount payable for loss of life under Section B, namely $500, shall be doubled, that is, it shall be $1,000; and section C further states that, when total disability results from an accident under the limited circumstances mentioned, the amount payable to the insured during the continuance of the disability shall be double the amount payable as for total disability resulting from an accident occurring otherwise than under the limited circumstances mentioned.

Section D provides the amount payable for total disability resulting from an accident occurring otherwise than under the limited circumstances stated in section C, and the amount so provided in section D, is the sum of $30 per month during the continuation of the disability. If the disability should result from an accident under the limited circumstances stated in section C, then the provisions of section D would become operative and entitle the insured to double the amount of the ordinary indemnity. This would be the sum of $60 per month.

Summed up, the net result of the provisions just mentioned is: (1) For total disability as the result of an accident occurring otherwise than under the limited circumstances stated in section C, the insured would receive "Monthly benefits (of) $30, while total disability existed." (2) For total disability as the result of an accident occurring under the limited circumstances stated in section C, the insured would receive "Maximum month-

ly benefits (of) $60," while total disability existed. (3) For death resulting from an accident otherwise than under the limited circumstances stated in section C, the beneficiary should receive the sum of $500. As we shall hereinafter point out, it is this item that is intended to be described by the caption "Death benefit at beginning $500." (4) For death resulting from an accident under the limited circumstances stated in section C, the beneficiary should receive $1,000.

It should be stated that the foregoing summary of the provisions of sections A, B, C, and D mentioned is not intended as an interpretation of those provisions in respect of every question that might conceivably arise as to their meaning, but is intended as a statement of their meaning only as pertinent in determining the construction and effect to be given the words "Death benefit beginning $500," appearing as a captional statement on the face of the policy, just underneath the words "Inter-Ocean Casualty Company."

The evidence showed without dispute that the insured died of natural causes—pneumonia; and that he did not die as the result of an accident.

The learned trial judge was of the opinion that the captional words: "Death Benefit at Beginning—$500," constituted a part of the contract; that, to use his words (appellee's brief), "as the death benefit for loss of life by accident does not arise by the terms of section 'A,' except after (such) 30 days (from the date the policy became effective) this clause or contracted sentence must mean (certainly may mean) that the death benefit for death by disease is not postponed for the thirty day period * * * but is in effect from the beginning; that the policy was thus susceptible of two reasonable constructions; and that applying the well known rule that under such circumstances that construction should be adopted which is most favorable to the insured, the beneficiary should be entitled to $500, for the death of insured from natural causes."

■ We have no doubt that the words, "Death Benefit from beginning—$500," were a part of the contract. Any reasonable person would regard that statement as a part of the contract.

■ We are of the opinion, however, that the learned trial judge misapprehended the effect of section A of the policy in supposing that the death benefit of $500 provided would not arise until after the expiration of 30 days from the time the policy became effective. It is obvious that indemnity for accidental death for the amount of $500 arose immediately upon the completion of the contract— "from the beginning"—and the 30-day provision in section A with reference to such indemnity had to do, not with the time when

the coverage should become effective, but with the time within which death must ensue after the accident in order for the indemnity to be payable.

■ The captional provision. "Monthly benefits $30," "Maximum monthly benefits $60," "Death Benefits at beginning $500," and "Maximum death benefit $1000," cannot be construed alone. We do not understand them to have a meaning separate and apart from, and disconnected from, the other provisions of the contract. They are general words, in the nature of an index of the policy's contents, and it is obvious that they are intended as mere epitomes or general designations of the detailed provisions of the policy; and, as such, they should be construed with the detailed provisions of the policy, which they epitomize.

■ Insurance contracts should be construed as a whole. Mutual Life Ins. Co. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860; Lee v. Southern Life & Health Ins. Co., 19 Ala. App. 535, 98 So. 696.

■■ The meaning of general words should be restricted when it is evident from the special or particular provisions of the contract that they were not intended to have the broad signification of which they are conceivably susceptible when standing alone. And, while it is practically everywhere the accepted rule that contracts of insurance must be most strongly construed against the insurer, this rule cannot be pressed to the extent of adopting a construction that is unreasonable. Its applicability is limited to those cases where the language of the policy is ambiguous and is susceptible of two reasonable constructions.

As we have pointed out above, there was a death benefit of $500 from the beginning— meaning from the date on which the policy became effective. But it was a death benefit to be paid only for accidental death occurring within 30 days after the accident, and this irrespective of whether the accident occurred before or after the expiration of 30 days from the time the policy became effective.

■ We hold that the captional statement "Death benefit at beginning $500," when properly construed in connection with the other provisions of the policy, did not mean nor include a death benefit of $500, where death resulted from disease or illness, but meant that there was a death benefit from the effective date of the policy as for accidental death, when such accidental death occurred within 30 days after the accident. Therefore the court erred in its rulings permitting a recovery of the sum as for the death of the insured.

It should be noted that by section K of the policy there was a provision that there should be a death benefit of $25 for death resulting

from disease or illness, and appellant concedes that appellee is entitled to recover this amount.

For the errors noted, this cause is reversed and remanded.

Reversed and remanded.