53 So.2d 628

**LIFE & CASUALTY INS. CO. OF TENNESSEE v. CRAWFORD.**

**7 Div. 153.**

Court of Appeals of Alabama.
June 12, 1951.

Hawkins & Meadows and W. M. Beck, all of Fort Payne, for appellant.

Scott & Dawson, Fort Payne, for appellee.

CARR, Presiding Judge.

This appeal is from a judgment rendered in favor of the plaintiff, Jaunita Crawford. She was named beneficiary in an insurance policy issued by the defendant in which there was a provision for double indemnity in case of accidental death of the insured. Recovery was had under this feature of the contract.

The provision of the policy which is pertinent to our review is:

"The Accidental Death Benefit does not cover self destruction, sane or insane; death resulting from participation in aeronautics or submarine expeditions, either as a passenger or otherwise; death caused directly or indirectly by war, riot, strike, insurrection or any act incident thereto; death during the period of time the Insured is violating any law, or during the period of time he is in military or naval service of any kind, *or while he* has physically present in his body alcoholic or intoxicating liquors or narcotics in any degree, whether such violation of law or engaging in any military or naval service of any kind or having in his body physically present such liquors or narcotics has any causal connection with such death or not, or whether such death occur during such time or at a later date, within the ninety day limitation above set out." (Emphasis ours.)

It appears without conflict in the evidence that the wife and children of the insured were at the home of the wife's parents. Between nine and ten o'clock P. M. the insured came to the indicated residence in a drunken condition. There followed considerable disorder. This was climaxed by the wife of the insured shooting her husband with a rifle. Death ensued forthwith.

The appellant introduced as witnesses the parents of the wife of the deceased. These persons testified unequivocally that the insured was drunk when he came to the home; that they smelled whiskey on his breath; and one of the witnesses stated that he had a jar containing whiskey. The time of his appearance to the time of the killing covered only a short period.

All of the above delineated evidence was in no manner contradicted.

Effort was made by the appellee to create a conflict in the proof by the introduction of a witness who testified that he talked with the insured during the afternoon of the day of concern and he did not think the deceased was drinking at that time. Apparently this was at least six hours prior to the killing. Over objections the court allowed the introduction of this evidence. This, of course, was error. Because of its remoteness as to time, it had no probative value. Brewer v. State, 23 Ala.App. 35, 120 So. 301; King v. State, 24 Ala.App. 267, 134 So. 133.

In the case of Continental Casualty Co. v. Meadows, 242 Ala. 476, 7 So.2d 29, 31, our Supreme Court had under review the application and interpretation of this provision in an accident policy: "(4) if in-

jury is sustained while the insured is under the influence of any intoxicant".

The facts in the case are in many respects analogous to those in the case at bar.

The court interpreted this provision to mean that the insured must have consumed sufficient intoxicants to disturb the action of his physical and mental powers. That is, to dethrone the natural and normal function of these faculties. Even under this construction, the court held that the affirmative charge was due the defendant.

■ The provision in the policy in the case at bar is more restricted, definite and specific. It provides: " * * * while he has physically present in his body alcoholic or intoxicating liquors or narcotics in any degree."

The Supreme Court of North Carolina in the case of Webb v. Imperial Life Insurance Co., Inc., 216 N.C. 10, 3 S.E. 2d 428, 430, construed a policy which contained this provision: "The policy does not cover * * * any injury or death which the insured may suffer while the insured has in his or her body, physically present, intoxicating liquor or narcotics."

The trial judge charged the jury in part: "The question for you is whether the deceased at the time of the impact and death had in his body intoxicating liquor of sufficient quantity to be intoxicated or to affect and influence his conduct and action."

The appellate court held that this was error and observed: "This was the contract between the parties, and the defendant was entitled to avoid liability upon proof that the insured had in his body, physically present, any quantity of intoxicating liquor, regardless of whether he thereby became intoxicated or not. The defendant was entitled to have the instruction to the jury confined to the language of the policy."

See also Heltsley v. Life & Casualty Ins. Co., 299 Ky. 396, 185 S.W.2d 673; Ludlow v. Life & Casualty Ins. Co. of Tenn., 31 Tenn.App. 508, 217 S.W.2d 361, 13 A.L.R.2d 980.

It is clear that the authorities recognize a distinction should be made between the provision in the policy in the Meadows case, supra, and the one appearing in the policy of instant concern.

■ The law is well established and generally applied that insurance policies are to be construed most favorably to the insured. This doctrine has no force or effect where ambiguity in the provisions of the contract is not present. Where the language is reasonably free from doubt, it is the duty of the courts to give effect to the contract as written.

In other words: "It is the duty of the courts to take the words of an insurance policy as they are found in it, and as persons with usual and ordinary understanding would construe them when used to express the purpose for which they were employed * * *." Equitable Life Assurance Society of U. S. v. Adams, 259 Ky. 726, 83 S.W.2d 461, 464.

■ The undisputed evidence in the instant case compels the conclusion that the defendant was due the general affirmative charge on the double indemnity aspect of the policy in question. For its refusal it is ordered that the judgment below be reversed and the cause remanded.

Reversed and remanded.