Marion F. Lusk, Guntersville, for appellant.

57 So.2d 122

**BENEFIT ASS'N OF RY. EMPLOYEES
v. VARDAMAN.**

**8 Div. 2.**

Court of Appeals of Alabama.
Feb. 19, 1952.

F. R. Ingram, Birmingham, and Starnes & Starnes, Guntersville, for appellee.

CARR, Presiding Judge.

This is a suit on a policy which provides benefits for disability resulting from illness of the insured.

The complaint alleges in part that the "Plaintiff became and was wholly disabled on account of illness and that at all times since March 2, 1948, the Plaintiff has been wholly and continuously disabled on account of illness; * * * and alleges that the first five installments became due on, to-wit: August 2, 1948; that one installment became due on each of the following dates, to-wit; September 2, 1948, October 2, 1948, and November 2, 1948 * * *."

The policy provided for monthly illness indemnity in the amount of $80.00.

In the court below the plaintiff recovered the full amount claimed.

The evidence in material aspects is not in conflict.

Prior to April 20, 1948, the insured was employed by the N. C. & St. L. Railroad Company as a locomotive fireman. He had been working for this company for about thirty years.

On March 2, 1948, he suffered an illness that caused a cessation of his active duties. He forthwith consulted the railroad company physician.

The doctor testified that he: "Found him overweight; having trouble with his kidneys, albumen in the urine, and a history of unconsciousness, periodically."

The physician also testified that in his professional opinion the disease had caused total and permanent disability. He informed the patient at that time that "he was wholly and continuously disabled from any sort of work on the railroad."

Up to the date of the trial below the insured had never resumed the duties of his employment and had not engaged in any nature of physical labors.

In April, 1948, the appellee received this letter:

"Guntersville Ala April 20th 1948,
"Mr. Chas Vardaman
1201 N 50th St.
Birmingham, Ala.
"Dear Sir :—

"With reference to reporting to Dr. Eve.

"Report has been received from Dr. Eve, recommending that you be taken out of service due to physical condition's. We will therefore relieve you from any future service, and wish you to turn in all company property in your possession except your annual pass which you may retain.

"/s/ E. W. Crabtree
Trainmaster."

On July 14, 1948, the appellee mailed to the insurer an "Illness Indemnity Claim" in which he stated that he first noticed symptoms of present attack on February 10, 1948, and consulted a physician for the illness on March 2, 1948. He stated also that he became totally disabled on the latter date. He claimed benefits for three months and two weeks, beginning on March 2, 1948.

The insured paid the required monthly premiums on the policy up to August 1, 1948. On August 30, 1948, the vice president of the insurer notified the appellee by letter that the policy had been terminat-

ed by the claim department as of August 1, 1948.

According to the record the assured did not give any notice of his illness to the insurer prior to July 14, and then only in the manner indicated supra.

The only question pressed in briefs relates to the written notice provision in the policy. In this aspect the policy provides:

"(4) Written notice of injury or of sickness on which claim may be based must be given to the Association within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the Association."

"Section (a)—Compliance on the part of the Insured and beneficiary with all of the terms and conditions of this policy shall be a condition precedent to recovery hereunder."

The policy also provides:

"(8) The Association shall have the right and opportunity to examine the person of the Insured when and so often as it may reasonably require during the pendency of claim hereunder, and also the right and opportunity to make an autopsy in case of death where it is not forbidden by law."

The above provisions are plain, direct, certain, and free from ambiguity. Under such conditions we are required to construe and enforce the contract as written and not attempt to impose a new or different agreement between the parties. McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; New York Life Ins. Co v. Torrance, 224 Ala. 614, 141 So. 547.

The parties by their free and voluntary action entered into a contract by the terms of which each assumed certain obligations. In one aspect the insurer bound itself to pay certain disability benefits. The assured agreed to furnish written notice within a specified time of the illness on account of which a claim would be expected.

The notice with which we are here concerned is a matter of importance and urgency. A substantial right of the insurer could be impaired by a noncompliance.

As we have noted, the policy provides that the insurer shall have the right and opportunity to examine the person of the insured. Certainly it was not contemplated by the insurer that it should incur the liability to which it would be subjected without any notice that such liability was accruing and would be claimed against it.

In this respect the policy differs from some other insurance contracts. In some the loss or benefit can only become affective after the liability has been fixed. This is particularly true of fire insurance policies.

In 45 C.J.S., Insurance, § 1094, p. 1331, we find this statement: "A policy of health insurance generally provides that insured shall notify insurer of his sickness or disability within a time prescribed; and this requirement must be complied with, provided the requirement is reasonable and there are no circumstances excusing noncompliance. * * *"

Appellee cites the case of Provident Life & Accident Ins. Co. v. Elliott, 198 Ala. 230, 73 So. 476. In this case the failure to furnish the required notice limited the liability of the insurer to one-tenth of the amount that would otherwise be payable.

The court held in effect that the provision did not constitute a condition precedent to liability under the contract, but rather created a basis for a forfeiture of nine-tenths of the amount that would have been recoverable if the contemplated notice had been given.

It is evincingly clear that this authority does not sustain appellee's position.

Some appellate courts have adopted the holding that unless the giving of notice is made a condition precedent by the provisions of the policy the courts would not be justified by construction to imply that the contracting parties intended a strict compliance with the notice provision as a condition precedent to the right to recover.

414

This approach does not apply in the case at bar.

We have examined many authorities which support appellant's position. Some of these are: Woodall v. Fidelity & Cas. Co., 131 Ga. 517, 62 S.E. 808; Whiteside v. North American Acc. Ins. Co. of Chicago, 200 N.Y. 320, 93 N.E. 948, 35 L.R.A., N.S., 696; Williams v. U. S. Cas. Co., 150 N.C. 597, 64 S.E. 510; Craig v. U. S. Health & Acc. Ins. Co., 80 S.C. 151, 61 S.E. 423, 18 L.R.A.,N.S., 106, 15 Ann. Cas. 216 (see this volume and page for many other cited cases); Blackman v. U. S. Casualty Co., 117 Tenn. 578, 103 S. W. 784; Federal Life Ins. Co. v. Walton, 34 Ga.App. 694, 131 S.E. 90; Walterman v. Mutual Ben. H. & Accident Ass'n, 260 App.Div. 478, 23 N.Y.S.2d 158.

In brief appellee's attorney states: "* * * there is nothing in the record to show that Plaintiff knew he was wholly and continuously disabled prior to the date of the proof of loss, to-wit: July 14, 1948."

The undisputed evidence does not sustain this position. The appellee testified that he was totally and permanently disabled from March 2, 1948, to date of trial. His physician advised him of the seriousness of his malady on or about the above date. Appellee left his job at that time and did not subsequently resume active employment with the railroad company. This inactivity was certainly due to physical disability according to the evidence. The benefits he claimed began with total disability as of March 2, 1948.

 From the record it is certain, beyond the possibility of a contrary inference, that the extent of the disability for which claim is made became manifest to the insured prior to July 14, 1948. Walterman v. Mutual Ben. H. & Accident Ass'n, supra.

We are clear to the conclusion that the plaintiff below was not entitled to recover the full amount for which he sued.

The judgment in the lower court is ordered reversed and the cause remanded.

Reversed and remanded.