67 So.2d 91

**BENEFIT ASS'N OF RAILWAY EM-
PLOYEES v. VARDAMAN.**

**8 Div. 285.**

Court of Appeals of Alabama.

Aug. 11, 1953.

Marion F. Lusk, Guntersville, for appellant.

286

Starnes & Starnes, Guntersville, for appellee.

CARR, Presiding Judge.

This is the second appeal of this cause, 36 Ala.App. 411, 57 So.2d 122.

After remandment the complaint was not amended in any manner. The defendant filed only the general issue.

The evidence at the second trial did not vary substantially from that at the first trial.

The material allegations of the complaint are set out in the former opinion.

Without dispute in the evidence the appellee did not give written notice of his illness within ten days after the commencement of disability, that is from March 2, 1948.

At the trial of the case at bar the court charged the jury:

"In other words, gentlemen, unless he had an excuse within the terms of the policy, in other words, if it was reasonably possible for him to have given the required notice within ten days of the time of the disability and he failed to do so, then he, like anyone else, would be bound by the contract and could not recover against the defendant. However, if this disability was unknown to him or he would not have known about it and he did make the required notice to the company within ten days after he did know about his disability, then he would be entitled to recover from that time but not anything before that, because as I said, the giving of notice is a condition precedent to his recovery and he would not be entitled to recover anything beyond the period of ten days prior to the giving of notice as provided for in the contract and if he has not given the notice provided for in the contract, then the plaintiff would not be entitled to a recovery of

any kind in this suit and your judgment under those circumstances would necessarily be for the defendant."

The court was without authority to submit to the jury the doctrine of excuse for failure to perform notice conditions in the policy in the absence of allegations in the complaint of the facts and circumstances upon which the excuse or failure was based. 46 C.J.S., Insurance, § 1283(c), p. 333; 41 Am.Jur., Pleading, Sec. 103, p. 362; Sovereign Camp W. O. W. v. Cox, 221 Ala. 58, 127 So. 847; Inter-Ocean Cas. Co. v. Foster, 226 Ala. 348, 147 So. 127.

This was not in accord with the general rule which provides that the averments of the complaint and the proof must correspond. 16 Ala.Dig., Pleading, ⚖️387.

As a matter of fact, under the pleading and proof as disclosed by the instant record our conclusions must be controlled by the holdings on the former appeal.

The judgment below is reversed and the cause remanded.

Reversed and remanded.