72 So.2d 858

## LIFE & CASUALTY INS. CO. OF TENNESSEE

v.

## CRAWFORD.

### 7 Div. 275.

Court of Appeals of Alabama.

May 11, 1954.

W. M. Beck, Fort Payne, for appellant.

Scott, Dawson & Scott, Fort Payne, for appellee.

PRICE, Judge.

This is an action under a double indemnity provision in a policy of life insurance. The case has been tried twice, each time resulting in a verdict for plaintiff. On the former appeal it was declared by this court that under the presented evidence plaintiff was not entitled to recover double indemnity under the policy provision that it should not cover death suffered by the insured "while he has physically present in his body alcoholic or intoxicating liquors * * * in any degree," and that defendant was due the general affirmative charge.

Life & Casualty Ins. Co. of Tennessee v. Crawford, 36 Ala.App. 106, 53 So.2d 628, 629.

On the second trial the parents of deceased's wife testified, as they did on the former trial, that insured was drunk; they smelled whiskey on his breath and one of them stated he had whiskey in a fruit jar.

For the plaintiff, deceased's wife testified insured had been on a drinking spree nearly all week, but she didn't see him drink and didn't know whether he was drinking at the time he was killed. He had mad spells and threatened to kill his family when he wasn't drinking. She "reckoned" he was sober and mad. On cross-examination she admitted she didn't get close enough to him to tell whether he had had any liquor or not. The negative character of such testimony created no material conflict in the evidence, and under our holding in the case on the former appeal, supra, defendant was entitled to the general affirmative charge, with hypothesis, and for its refusal, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.