82 So.2d 271

Charles **VARDAMAN**

v.

**BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES, Inc.**

8 Div. 470.

Court of Appeals of Alabama.

Aug. 31, 1954.

Rehearing Denied Sept. 24, 1954.

Starnes & Starnes, Guntersville, F. Raymond Ingram, Birmingham, for appellant.

38

Marion F. Lusk, Guntersville, for appellee.

CARR, Presiding Judge.

This is a suit on a policy of insurance which provides benefits for disability resulting from illness of the insured.

The complaint is stated in two counts lettered AA and BB. The judge of the court below sustained demurrers to both counts of the complaint. The insured suffered a nonsuit and this appeal followed. Title 7, Sec. 819, Code 1940.

This is the third appeal of this cause of action to this court. 36 Ala.App. 411, 57 So.2d 122; 37 Ala.App. 285, 67 So.2d 91.

The complaints in the former trials and Count AA in the instant case claimed benefits from March 2, 1948, the date allegedly the insured became totally disabled.

A provision of the policy stipulates: "Written notice of injury or of sickness on which claim may be based must be given to the Association within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness."

Both counts of the complaint allege that notice of the illness was given the insurer on July 14, 1948.

In the former opinions we held in effect that the giving of due notice was a condition precedent to the right to recover benefits. In other words, we were there dealing with a situation in which a claim was asserted for benefits which arose long before the date of notice. We denied recovery on this hypothesis.

In the case at bar the policy is made a part of each count of the complaint.

Count AA was subject to the interposed demurrers under the influence of our former views.

However, Count BB presents a different situation. The benefits are claimed beginning with July 4, 1948.

The premiums were paid on the policy until it was cancelled by the insurer on August 1, 1948. The count so alleges.

We have here an existence of a right to disability benefits. The failure to give notice at the time disability developed did not destroy the right. There was simply a postponement of the accrual until due notice was given. There is no provision in the policy which prevents the application of this interpretation. Prudential Ins. Co. v. Gray, 230 Ala. 1, 159 So. 265.

We find analogy in respect to fire and automobile theft policies. The courts hold that if the contract does not prescribe any penalty for noncompliance the failure to file proof of loss merely postpones the time of bringing suit until due proof is made. Westchester Fire Ins. Co. of New York v. Green, 223 Ala. 121, 134 So. 881; Home Ins. Co. of New York v. Murphy, 223 Ala. 566, 137 So. 393.

It follows that the court erred in sustaining demurrers to Count BB of the complaint.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.