120 So.2d 910

**Hattie HOWARD**

v.

**LIFE & ACCIDENT INSURANCE CO. OF ALABAMA.**

**3 Div. 43.**

Court of Appeals of Alabama.

Aug. 18, 1959.

Rehearing Denied Sept. 8, 1959.

Reversed on Mandate May 24, 1960.

Clifford J. Durr, Montgomery, for appellant.

Martin & Blakey and J. Paul Lowery, Montgomery, for appellee.

HARWOOD, Presiding Judge.

In the suit below plaintiff claimed upon a hospital policy which had been assumed by the defendant.

The evidence presented below was not in conflict, much of it being stipulated.

The appellant, who was the plaintiff below, was operated upon for a "fibroid uterus," a disease of the generative organ.

At the conclusion of the evidence the special judge presiding instructed the jury to render a verdict for the defendant because of Clause H appearing under the indemnity provisions of the policy.

The appellant duly excepted to this action of the court, and also filed a motion for a new trial again questioning the validity of the instructions.

The motion for a new trial being overruled an appeal was perfected to this court.

Actually the only point concerned in this appeal was the action of the court in giving the affirmative charge in light of Clause H, above mentioned.

This clause, appearing under "Indemnities" is as follows:

"If by reason of pregnancy, resultant childbirth or mis-carriage, or injury to or disease of the generative organs, the Insured shall be a resident patient within a lawfully operated hospital, the Company will pay the Insured the amount of expenses actually incurred not to exceed in the aggregate an amount equal to Fifty ($50.00) Dollars, provided this Policy shall have been maintained in force for not less than Ten (10) months immediately preceding the commencement of such hospital confinement. In no instance will the Company be liable for more than Fifty ($50.00) Dollars when surgical procedure involves the female generative organs, regardless of any other surgical procedure."

The policy contains under "Standard Provisions," a provision to the effect that the policy contains the entire contract of insurance.

The plaintiff's hospital and medical bill was $580, and plaintiff testified that the defendant insurance company had paid the hospital $50 on this bill.

Counsel for appellant has earnestly and ably argued that Clause H is ambiguous. We are not so persuaded. After reading and re-reading Clause H, in view of the contentions of counsel for appellant, we are of the conclusion that Clause H is plain and certain in its meaning, and reasonably subject to but one construction, that is, that the liability under the policy, in case of disease of the generative organs, or surgical procedure involving such organs, shall not exceed fifty dollars. The fact that Clause H in its first part provides that the company will not pay in excess of $50 expenses incurred by reason of disease of the generative organs, and further provides that: "In no instance will the company be liable for more than $50 when surgical procedure involves the female generative organs," does not, in our opinion render the Clause H ambiguous by reason of an extravagance of language, as contended by counsel for appellant, but merely emphasizes the limitation of liability the company undertakes in event the claim arises from disease of, or surgical procedure involving, the female generative organ.

Counsel for appellant further argues that Clause H should be construed as cumulative of Clause A under the general heading "Indemnities," under which both clauses appear.

Clause "A" provides:

"If, by reason of 'such injury' or 'such sickness' the Insured shall be necessarily confined as a resident patient within a lawfully operated hospital and under the regular care and personal attendance of a legally qualified physician or surgeon, the Company will pay to the Insured the amount of expense actually incurred for hospital board and room, not to exceed the

**656**

maximum amount shown in the Schedule on Page 4 as Daily Room and Board. Indemnity per day for the period of such hospital confinement and not to exceed in the aggregate more than fifty (50) days in any period of 12 consecutive months."

In view of the clear and explicit terms of Clause H, we think it clear that the general provisions of Clause A must be considered as limited by Clause H. See Inter-Ocean Casualty Co. v. Scruggs, 24 Ala.App. 130, 131 So. 549.

Nor do we consider that Clause H was rendered ambiguous because placed under the general heading of "Indemnities," rather than under the section of the policy headed: "Exceptions and Reductions."

Exceptions and reductions in accident and sickness insurance may be set forth at the insurer's option either under the benefit (indemnity) provisions, or under a caption "Exceptions and Reductions." Section 419(5), Title 28, Code of Alabama 1940.

The provisions of this contract being plain and certain and reasonably free of ambiguity, it is the duty of the court to give effect to the contract as written. Chemstrand Corp. v. Maryland Casualty Co., 266 Ala. 626, 98 So.2d 1; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Benefit Ass'n of Ry. Employees v. Vardaman, 36 Ala.App. 411, 57 So.2d 122; Life & Casualty Ins. Co. of Tennessee v. Crawford, 36 Ala.App. 106, 53 So.2d 628.

No error therefore resulted in the action of the court in giving the affirmative charge in favor of the defendant-insurer under the evidence and law applicable.

Affirmed.

HARWOOD, Presiding Judge.

Reversed and remanded on authority of Howard v. Life & Accident Insurance Co. of Alabama, Ala.,120 So.2d 912.