120 So.2d 912

**Hattie HOWARD**

v.

**LIFE AND ACCIDENT INSURANCE
COMPANY OF ALABAMA.**

**3 Div. 884.**

Supreme Court of Alabama.

March 10, 1960.

Rehearing Denied May 19, 1960.

Clifford J. Durr, Montgomery, for petitioner.

Martin, Vogtle, Balch, Bingham & Hawthorne and J. Paul Lowery, Montgomery, opposed.

GOODWYN, Justice.

We granted certiorari to review the opinion and decision of the Court of Appeals in the case of Howard v. Life and Accident Insurance Company of Alabama, Ala. App., 120 So.2d 910. The case involves the construction of a policy of insurance providing indemnity for loss of hospital expenses resulting from bodily injury effected through accidental means or caused by sickness.

The trial court "instructed the jury to render a verdict for the defendant because of Clause H appearing under the indemnity provisions of the policy." The Court of Appeals affirmed, holding "that Clause H is plain and certain in its meaning, and reasonably subject to but one construction, that is, that liability under the policy in case of diseases of the generative organs, or surgical procedure involving such organs shall not exceed fifty dollars." We are unable to agree. Our view is that the insured had coverage under Clause A of the indemnities and that Clause H is an indemnity different from and in addition to that contained in Clause A. We proceed to a discussion of our reasons for this conclusion.

The caption of the policy shows it to be a "Hospital Policy" providing "indemnity for loss due to hospital expense resulting from bodily injury effected through accidental means or caused by sickness to the extent herein provided."

The insuring clause is as follows:

"This Policy provides indemnity for loss due to hospital expenses resulting from bodily injury effected solely through accidental means while this Policy is in force, which injury is the sole cause of loss (hereinafter referred to as 'such injury'), and for loss due to hospital expense caused by sickness commencing while this Policy is in force (hereinafter referred to as 'such sickness')."

Under the caption "Indemnities" there are 11 clauses numbered from A through K. Clause A, under which the insured seeks recovery, provides as follows:

"A. Hospital Expense. If, by reason of 'such injury' or 'such sickness,' the Insured shall be necessarily confined as a resident patient within a lawfully operated hospital and under the regular care and personal attendance of a legally qualified physician or surgeon, the Company will pay to the insured the amount of expense actually incurred for *hospital board and room,* not to exceed the maximum amount shown in the Schedule on Page

4 as *Daily Room and Board Indemnity* per day for the period of such hospital confinement and not to exceed in the aggregate more than fifty (50) days in any period of 12 consecutive months." [Emphasis supplied.]

Clauses B, C, D, E, F, and G provide, respectively, for operating room expense, anesthetic expense, X-ray examination expense, laboratory expense, expenses for use of an iron lung, and physio therapy expense, if such expenses are incurred "during such hospital confinement as authorized under Paragraph A of this page." Each clause fixes a limit on such expenses.

Clause H provides as follows:

"Maternity and Female Disease Indemnity. If, by reason of pregnancy, resultant childbirth or miscarriage, or injury to or disease of the generative organs, the Insured shall be a resident patient within a lawfully operated hospital, the Company will pay to the Insured the amount of expense actually incurred not to exceed in the aggregate an amount equal to Fifty ($50.00) Dollars, providing this Policy shall have been maintained in force for not less than Ten (10) months immediately preceding the commencement of such hospital confinement. In no instance will the Company be liable for more than Fifty ($50.00) Dollars when surgical procedure involves the female generative organs, regardless of any other surgical procedure."

Clause I provides for ambulance service for transferring the insured "to and from any hospital for hospitalization covered by this policy."

Clause J gives the insured "the right to select the physician, surgeon and hospital."

Clause K refers to the schedule of operations and the maximum amounts to be paid by any one disability, it being provided that "the insured must be actually confined in a licensed hospital to receive surgical benefits."

Under the caption "Schedule of Operations" it is provided as follows:

"It is hereby agreed that if the Insured, on account of sickness originating after this rider has been in force for three months from the date shown hereon or accidental injury covered by this Policy, shall have any one of the following operations performed by a licensed physician or surgeon, while a resident patient in a licensed hospital, the Company will pay the Insured for the expense actually incurred *(except as provided in Paragraph H under the heading 'Hospital Benefits' and Paragraph 2 under the heading 'Exceptions and Reductions')* but not exceeding the amount specified in the following schedule of operations." [Emphasis supplied.]

Included in the operations are several which could be performed in connection with an "injury to or disease of the generative organs."

Under the caption "Exceptions and Reductions" there are 4 clauses, numbered 1 through 4. These exclude coverage of the following: 1, "Loss resulting wholly or partly from intentionally self-inflicted injury while sane or insane, dental treatment (injury to sound teeth not included in Exceptions and Reductions), mental derangement or simple rest-cure or venereal disease"; 2, "Loss due to hemorrhoids, hypertensive cardio-vascular disease, or disease of or operation on tonsils or adenoids" unless the policy "has been maintained in force for six (6) months"; 3, "when the immediate or contributing cause is due to either injury or sickness which has its inception prior to the issuance of the policy nor to disease in which surgical operation is involved which has its inception within three months after the effective date of this Policy"; and 4, "loss incurred with respect to services and facilities provided by or in a State or Federal Government Hospital."

The plaintiff-insured, petitioner here, was operated upon for a "fibroid uterus," a disease of the generative organs. The insurance company paid $50 on her hospital expenses on the basis that this was the maximum amount she was entitled to under the policy. In other words, the company takes the position that Clause H controls and that Clause A has no application, as held by the trial court and the Court of Appeals. On the other hand, the insured insists that she has coverage for her hospital expenses under the broad provisions of Clause A; that Clause H is actually an additional indemnity to that provided by Clause A; that if Clause H is construed as contended for by the company it would be in conflict with the broad coverage of Clause A and hence Clause A should control so as not to work a forfeiture against her.

This suit was brought to recover the difference between the $50 paid by the company and the actual hospital expenses as called for in Clause A.

It seems clear to us that the insured's hospital expenses are covered by Clause A. We see nothing in that clause limiting such coverage in any way. There is no exclusion of any particular kind of "sickness." If the insured, by reason of *any* sickness, "shall be necessarily confined as a resident patient within a lawfully operated hospital and under the regular care and personal attendance of a legally qualified physician or surgeon", she is entitled to payment of "the amount of expense actually incurred for hospital board and room." The only limitation is with respect to a maximum indemnity per day for not more than 50 days in any 12 consecutive months.

None of the "Exceptions and Reductions" reduces, limits or modifies the coverage given by Clause A. Nor do we find any other provision in the policy indicating a purpose to limit the coverage of Clause A, unless it be Clause H, as held by the trial court and the Court of Appeals. But we are unable to agree that Clause H is anything more than an additional indemnity.

We find no basis for construing it as reducing, limiting or restricting the coverage given by Clause A. Clause H is included, with Clause A, under the caption "Indemnities." And it is to be noted that all of the other indemnities, included in Clauses B through G and I, are in addition to the hospital expense indemnity given by Clause A. Like these other indemnities, it seems to us that Clause H, reasonably construed, covers, in addition to the hospital expenses for room and board, other expenses actually incurred in connection with an "injury to or disease of the generative organs."

In the Court of Appeals' opinion reference is made to the provisions of § 2(A) (5) of Act No. 193, appvd. July 16, 1953, Acts 1953, p. 247 (§ 419(A) (5), Tit. 28, Code 1940, 1955 Cum. Pock. Part, p. 395), as having some bearing on the construction of the policy. That Act provides for uniform individual accident and sickness policy provisions. To the extent here material, § 2(A) (5) provides as follows:

"§ 2(A) (5). Form of Policy.—(A) No policy of accident and sickness insurance shall be delivered or issued for delivery to any person in this state unless:

\* \* \* \* \* \*

"(5) the exceptions and reductions of indemnity are set forth in the policy and except those which are set forth in section 3 of this act, are printed, at the insurer's option, either included *with the benefit provision to which they apply, or under an appropriate caption such as 'Exceptions,' or 'Exceptions and Reductions,' provided that if an exception or reduction specifically applies only to a particular benefit of the policy, a statement of such exception or reduction shall be included with the benefit provision to which it applies;* \* \* \*." [Emphasis supplied.]

The Court of Appeals had this to say:

"Nor do we consider that Clause H was rendered ambiguous because

**594**

placed under the general heading of 'Indemnities,' rather than under the section of the policy headed: 'Exceptions and Reductions.'

"Exceptions and reductions in accident and sickness insurance may be set forth at the insurer's option either under the benefit (indemnity) provisions, or under a caption 'Exceptions and Reductions.' Section 419(5), Title 28, Code of Alabama 1940."

We note that the policy here involved was issued on May 28, 1956. Section 12 of Act No. 193 provides as follows:

"* * * A policy, rider or endorsement, which could have been lawfully used or delivered or issued for delivery to any person in this state immediately before the effective date of this act and which was on file with the superintendent of insurance prior to the effective date of this act may be used or delivered or issued for delivery to any such person until January 1, 1957, without being subject to the provisions of sections 2, 3 or 4 of this Act."

In view of the Court of Appeals' treatment of the policy before us as being subject to the Act, we will do likewise.

Our view is that, to meet the requirements of § 2(A) (5), supra, Clause H, if intended to be an exception to or limitation on Clause A, should have been included with that particular benefit provision. Including it among the other benefit provisions would not be in compliance with the statute.

The judgment of the Court of Appeals is due to be reversed and the cause remanded to that court for further consideration in the light of what has been here said.

Reversed and remanded.

LAWSON, SIMPSON, STAKELY, MERRILL and COLEMAN, JJ., concur.