CANAL INSURANCE COMPANY *v.* HOWELL, D.B.A. HOWELL LUMBER SALES

No. 43545 May 24, 1965 175 So. 2d 517

226

*Mitchell M. Lundy,* Grenada; *K. Hayes Callicutt, Satterfield, Shell, Williams & Buford,* Jackson, for appellant.

*Carothers* & *Fedric,* Grenada, for appellee.

I<small>NZER</small>, J.

Appellee H. L. Howell, doing business as Howell Lumber Sales, recovered a judgment in the Circuit Court of Grenada County against appellant, Canal Insurance Company, in the sum of $4,003.75. From this judgment Canal Insurance Company has appealed to this Court.

This is the second appearance of this case in this Court. The former opinion rendered by us is numbered 42,875, and is reported in 248 Miss. 678, 160 So. 2d 218 (1964). The cause was reversed and remanded for a new trial for reasons set out in the opinion.

This is a suit on an insurance contract, and the facts involved in this case are detailed in our former opinion. We will not set them out again except as may be necessary to pass upon the points raised by this appeal.

Appellant in its assignment of errors assigns twelve reasons for reversal. Some of these assignments are not urged in its brief, and we will pass on only those which are urged. Points 2, 3 and 4 deal with instructions,

and we will consolidate these points for purposes of our decision.

I.

 ██ Appellant urges that the trial court was again in error in admitting evidence as to repairs of the machine and the alleged cost of transporting the machine to the company for repairs. The proof shows that the machine involved was a line bar resaw being transported in appellee's truck from McDonough Saw Company in Eau Claire, Wisconsin to Philadelphia, Mississippi. When the driver of the truck was attempting to drive under an overpass in Davenport, Iowa, the tarpaulin covering the machine and the top part of the machine struck the overpass. The machine was damaged, and upon instruction of appellee, the driver of the truck proceeded to Grenada, Mississippi. The only testimony relative to the necessity of repairs and the cost of repairs is the testimony of appellee. The proof shows that appellee examined the machinery after it was brought back to Grenada and ascertained that it was damaged. Appellee had been engaged in sawmill business a number of years and was familiar with sawmill machinery. This particular machine was a new type, and the first of its type appellee had seen. He had no difficulty in determining that it had been damaged, and that repairs were necessary. However, he did not make any effort to determine the extent of the damage. It was his decision that the machine should be transported to the manufacturer to be repaired. Appellee did not see the machine again after it left Grenada until it was in operation in Philadelphia. From his testimony it is certain that some repairs to the machine were necessary, but we can find nothing in his testimony to show the extent of the necessary repairs. There is no other evidence on this point. The only evidence relative to the cost of repairs and the reasonableness of the cost is appellee's testimony. He introduced into evi-

dence copies of the bill rendered by McDonough Company for the repairs. Appellant objected to the introduction of this bill for repairs for the reason that the cost of repairs could not be proven in this manner. The objection was overruled, and this action on the part of the trial court was error. Appellant was entitled to cross-examine the person who was in charge of making the repairs as to the extent of the repairs, whether all such repairs were necessary to restore the machine to its former condition, and whether the cost of such repairs was reasonable. We are of the opinion that appellee failed to meet the burden of proof to show that all of the repairs were necessary, and that the cost therefor was reasonable. We said in our former opinion in discussing the necessity of carrying the machine back to the manufacturer for repairs that this was a question for the jury to determine, and this issue was properly submitted to the jury.

## II.

 ██ ██ Appellant contends that the trial court was in error in granting the following instruction:

The Court instructs the jury for the Plaintiff, H. L. Howell, that it is a well settled rule of law that insurance policies are always construed more strongly against the insurance company and more favorably for the insured.

Appellant contends that this instruction is not a correct statement of true legal principle, and that it is an abstract statement of law and not related to the facts in this case. Appellee contends that the instruction is a correct statement of the law, and that this statement of the law is taken from our former opinion. The above instruction should not have been given, because it was not the function of the jury to construe the insurance contract. It was their function to make a finding of fact as to whether the tarpaulin was a part of the vehicle. Furthermore, the instruction is an abstract state-

ment of what purports to be the law, and is in no way related to the facts in this case. It was prejudicial error to grant this instruction.

■■■ Appellant objects to the instruction that appellee was given as follows:

> The Court instructs the jury for the Plaintiff, H. L. Howell, that if you find for the Plaintiff, the form of your verdict may be, "We, the Jury, find for the plaintiff in the sum of $4,003.75", filling in the amount of your verdict and that you should write your verdict on a separate sheet of paper.

Appellee admits that this instruction as it appears in the record is erroneous, but contends that the instruction as presented to the judge and read to the jury did not have the amount filled in, but left a blank space. Much is said in appellee's brief concerning this allegation, but we must determine the correctness of the instruction from the record. If the instruction was not properly copied in the record, or if it had been altered since it was presented to the jury, the necessary steps should have been taken to correct the record before the case was submitted to us. Miss. Code Ann. § 1670 (1956) provides the method to correct such errors.

■■■ Appellant also contends that the court was in error in refusing the instruction on page 103 of the record. The trial court properly refused this instruction, since the matter contained therein was fully covered by other instructions given appellant.

### III.

■■■ Appellant argues that the trial court erred in not holding that the alleged loss was excluded under the express provisions of the insurance policy. This contention is based on the exclusion in the insurance policy which excludes "collision of the load with any object." We settled this issue in our former opinion when we said:

We have reached the conclusion from the foregoing authorities that the question, in its final analysis, is reduced to whether or not the tarpaulin was a part of the vehicle, or whether it was simply a cover for the cargo being transported. This is a question of fact and is a question for the jury to determine. . . . (248 Miss. at 687)

The jury determined this issue and found that the tarpaulin was a part of the vehicle, and that it struck the overpass first. Appellant contends that the facts on this issue now before the Court are not the same as when it was presented to us before. We have carefully considered the proof shown in the record, and we are of the opinion that there is no substantial change in the evidence. We find nothing to justify us in changing our former conclusion that this was a question for the jury, and we would affirm this case as to liability if it were not for the erroneous instructions above mentioned.

For the reasons stated this case must be reversed and remanded for a new trial.

Reversed and remanded.

*Lee, C. J., and Ethridge, Rodgers and Patterson, JJ.,* concur.