203 So.2d 148

### ASSOCIATED DOCTORS HEALTH AND LIFE INSURANCE COMPANY

v.

### Roderick D. HANKS.

### 1 Div. 180.

Court of Appeals of Alabama.

Oct. 10, 1967.

Robt. G. Kendall and Johnston, Johnston & Nettles, Mobile, for appellant.

Brutkiewicz & Crain, Mobile, for appellee.

PRICE, Presiding Judge.

Appellee recovered judgment in the circuit court of Mobile County against appellant for hospital and medical benefits provided in two family type policies of insurance issued by appellant.

The cause was submitted to the jury on the complaint, in two counts, each based on a separate policy, pleas of the general issue and special pleas A and B. There was no demurrer to the pleas and no replication was filed to them.

It was stipulated that the policies were in force and effect and that defendant had notice of the claims. It was further stipulated that plaintiff's wife, Margaret S. Hanks, was treated for a pneumothorax (collapsed lung) and for a cystic disease of the breast and that the amount due under the policy, if anything, was $471.55.

Plea A alleged that in the applications for the policies, dated April 27, 1964, plaintiff represented that his wife had never had any tumor, cyst or other disease of the breast; that the representation was false in that she had previously been operated on for a cystic disease of her right breast on April 30, 1954; that the representation was made with the intent to deceive or that the misrepresentation materially increased the risk of loss and that appellant relied on the representation.

Plea B is the same as plea A, except that it relates to Mrs. Hanks' lung condition.

The application contained the following provision:

"I hereby state that I have read and fully understand all questions contained in the application. Agent for Associated Doctors Health and Life Insurance Company correctly filled out the answers in the application on my behalf with information supplied by me, and I hereby further state that the application contains all the medical information that I gave to the agent. No medical information was omitted from this application. It is my further understanding that this application will be made a part of my policy."

Title 28, Section 6, Code 1940, provides:

"No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

We refrain from setting out the evidence because we have reached the conclusion the judgment must be reversed because of the court's giving to the jury, at plaintiff's request, certain written instructions. Suffice it to say that we have carefully considered the evidence and are of opinion there was no error in the refusal of the general affirmative charge nor in the overruling of the motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict.

At the request of plaintiff, the court gave the following charges:

Charge No. I "I charge you, gentlemen of the jury, a contract of insurance will be construed strictly against the insurer and liberally in favor of the insured."

■ There was no claim that the contract was ambiguous and we find no ambiguity in its provisions. A charge relating to ambiguity is improper in the absence of ambiguity. Inter-Ocean Casualty Co. v. Scruggs, 24 Ala.App. 130, 131 So. 549; Franklin Life Ins. Co. v. Lewis, 36 Ala.App. 313, 55 So.2d 518; Alabama Farm Bureau Mutual Casualty Co. v. Goodman, 279 Ala. 538, 188 So.2d 268; Martin v. Globe Ins. Co., 5 Cir., 345 F.2d 1; Michigan Mutual Liability Co. v. Carroll, 271 Ala. 404, 123 So.2d 920; Union Life Ins. Co. v. Jameson, 31 Ind.App. 28, 67 N.E. 199; Libero v. Lumbermans Mutual Cas. Co. 143 Conn. 269, 121 A.2d 622; Equitable Life Assur. Soc. v. Wells, 6 Cir., 101 F.2d 608; Canal Ins. Co. v. Howell, 253 Miss. 225, 175 So.2d 517 (1965). Moreover the construction of an insurance policy is not the function of the jury.

■ Immediately following the giving of the above charge the court stated:

"That does not mean, by way of clarification, it does not mean that violence to be done to any contract, but giving it its fair, common sense interpretation. Where there is a conflict anywhere in the policy it is to be liberally favored for the insured—construed in favor of the insured."

This explanation did not cure the error in giving the charge. Schieffelin v. Scheiffelin, 127 Ala. 14, 28 So. 687; Mobile City Lines v. Holman, 273 Ala. 371, 141 So.2d 180.

■ Charge No. 5:

"The Court charges the jury that mere misrepresentation does not void a policy of insurance and in order for a misrepresentation to void a policy, it must be such a material misrepresentation that in you gentlemen's opinion it affected the very essence of the policy."

The law as to the materiality of representations is stated in Reliance Life Insurance Co. v. Sneed, 217 Ala. 669, 117 So. 307, as follows:

"* * * they need not be the sole inducement to the contract, nor the chief influence leading to action. It is enough if, as a contributing influence, they operate upon the mind and conduct of the other party to any material extent."

See also Metropolitan Life Ins. Co. v. Dixon, 226 Ala. 603, 148 So. 121. Under this authority we are of opinion charge 5 misstates the law and should not have been given.

■ Charge 8:

"I charge you gentlemen of the jury that the burden is on the defendant hospitalization insurer to establish facts which would relieve it of liability for hospital and medical bills under limiting provisions of the contract."

■ The above charge should not have been given. It misstates the burden of proof. In this case the burden rested upon defendant to reasonably satisfy the jury as to the truth of one or more of its special pleas. Brotherhood of Railroad Trainmen Insurance Department v. Pemberton, 38 Ala.App. 647, 93 So.2d 797; United Security Life Insurance Company v. Sikes, 40 Ala.App. 677, 122 So.2d 289. It is reversible error to give a charge which misplaces the burden of proof. Alabama Fertilizer Co. v. Reynolds & Lee, 79 Ala. 497.

■ Written Charge 6, requested by defendant, is a quotation from the opinion of the court in Brotherhood of Railroad and Steamship, etc. v. Riggins, 214 Ala. 79, 107 So. 44. Expressions found in Judicial opinions are not always acceptable as statements of the law in special charges to the jury. Wear v. Wear, 200 Ala. 345, 76 So. 111; Hale v. Cox, 222 Ala. 136, 131 So. 233; Britling Cafeteria Co. v. Irwin, 229 Ala. 687, 159 So. 228.

The charge in question was properly refused for the reason, if for no other, that it failed to state defendant relied on the representations to its injury.

Defendant's refused charge No. 8 is a quotation from the opinion of the court in Triple Link Mutual Indem. Assn. v. Williams, 121 Ala. 138, 26 So. 19, 77 Am. St.Rep. 34. What we have said hereinabove as to the acceptability of such statements in special charges to the jury applies here. We are of opinion the refusal of this charge was not error.

 Assignment of error 9 reads:

"The court erred in overruling defendant's objection to the following question propounded to the witness Margaret S. Hanks, a witness for plaintiff: 'q. And what time did he limit himself to?'"

The record shows the following:

"Mr. Brutkiewicz: I will ask you whether or not he limited his inquiry and limited—I have particular interest in time?

"A. Yes he did.

"Q. And what time did he limit himself to? (The soliciting agent taking the application)

"Mr. Kendall: We object—

"Court: Overruled, on the grounds that it is leading?

"Mr. Kendall: No sir, on the grounds that there is no showing of this agent's statement as to any term of years or any other thing to be binding on this company.

"Court: That is a correct statement of the law and the court will charge the jury that.

"Mr. Kendall: What was your ruling on that your honor?

"Court: My ruling is that the court is going to instruct the jury as to the law of the case, but for the time being the court is going to let that in. I will state for the record and the jury this information right now; that a mere agent or representative has no right to bind the company unless he is a general agent or has expressed authority to make representations which would bind the company. Is that clear—does that clear up your point?

"Mr. Kendall: Yes sir.

"Q. In his inquiry of you, did he limit the terms within which he inquired as to these things?

"A. Yes. He said that anything prior to 3 years, any illness prior to 3 years didn't matter."

The foregoing shows the plaintiff abandoned the objection to the question asked Mrs. Hanks.

The judgment is reversed and the cause remanded.

Reversed and remanded.