EMBRY, Justice.
This appeal by the State of Alabama is from a judgment entered upon a jury verdict awarding damages in the amount of $95,200 to Idelle Burton, a portion of whose property was condemned for a right-of-way to be used in the reconstruction of a public highway. We reverse.
The State presents as its version of the issues for review the following:
I
Did the trial court err in overruling appellant’s motion for new trial where the highest amount of damages testified to was $65,000.00 and the jury returned a verdict of $95,200.00?
II
Did the trial court err in its oral instructions to the jury at the close of the case that they were to give the property owner the benefit of the doubt if they were undecided between two figures for damages and return a verdict for the higher of the two amounts?
III
Is there reversible error where a jury verdict is based on sympathy for the defendant?
IV
Is the sale of a parcel of property admissible where the land was enhanced by the condemnation proceeding, and where the consideration was cash and the exchange of an automobile? [Citations omitted.]
Although not necessary in order to decide this case we think it appropriate to comment regarding issue I. From a review of the evidence, it appears there was evidence which would authorize the jury to award damages in the amount of its verdict of $95,200. In the court’s oral instructions to the jury the following statement was made:
I further charge you in this connection that the property owner in this case is entitled to the benefit of the doubt. If in attempting to arrive at a verdict in this case, you have two figures in your mind *913 which you cannot decide, you should give this property owner the benefit of the doubt and give her the highest figure, for the simple reason that should you learn next week that you were mistaken and that you didn’t give her enough, then you cannot come back and undo that and do it over. So, in that respect, and in that respect only, you should give this property owner the benefit of the doubt, if you have any doubt about it — the difference of the value of the property before it was taken and after it was taken.
As was proper, outside the presence of the jury, the following objection was made, and exception taken, by counsel for appellant:
. . .Your Honor, first of all I would like to ask if the Court did as it indicated to me from the first request as to what the Court charge was going to be — You indicated you were going to charge that the burden was on the owner to show damages and I don’t believe that was done.
Then, my only exception to the charge would be, and I’m not positive about my grounds of this. Where Your Honor says that if you arrive at two different figures in your deliberation, you will give the property owner the highest figure and you will give her the benefit of the doubt if you have such a doubt. Now, I would like to except to that. Is Your Honor familiar with that charge that you gave?
COURT: That’s an old country charge that we use out here in the country.
MR. COLEMAN: I haven’t heard that before and I would like to except to that, Your Honor.
The only corrective action taken by the trial court following the objection and exception reads as follows:
I forgot to mention one factor in this case which is a little peculiar, whereas in eases of this kind as far as the burden of proof is concerned. The burden of proof in this case is not on the State of Alabama to establish the value of the property taken, the burden of proof in this case, is on the property owner to reasonably satisfy you from the evidence of how much she is entitled to, if any.
It is the judgment of this court that the attempted corrective statement of the trial court is insufficient to correct the error inherent in the statement about giving the property owner the benefit of the doubt, etc. In effect, that charge placed the burden of proof on the State of Alabama to establish the value of the property taken, even though the trial court later stated that the State did not have that burden. It is the landowner who bears the burden of proving damages in a condemnation proceeding. Alabama Power Co. v. Hamilton, 342 So.2d 8 (Ala.1977). A charge which misplaces that burden of proof is reversible error. Smith v. Civil Service Board of the City of Florence, 52 Ala.App. 44, 289 So.2d 614 (1974); Associated Doctors Health & Life Ins. Co. v. Hanks, 44 Ala.App. 92, 203 So.2d 148 (1967).
If, for the sake of argument, one were to conclude that the complained of instruction did not shift the burden of proof with regard to value of property taken, it was otherwise extremely prejudicial and almost amounted to a directed verdict in behalf of the property owner as to the amount of damages to be awarded. Under the evidence in this case, it is true that an award of $108,600 could be justified. It is also true that the erroneous instruction undoubtedly infected the jury’s verdict. With an instruction to resolve any doubt in favor of the property owner and give her the highest figure if the jury had two figures in mind about which they could not decide, certainly the jury could not impartially regard testimony which would have awarded only $65,000 or $48,600; these figures being among several testified to regarding the proper amount of damages to be awarded for taking the Burton property.
We see no benefit to the trial court or to the litigants, on retrial of this case, to be derived from our addressing errors assigned as issues III and IV.
For the stated reasons, this action is due to be and is hereby reversed and remanded.
REVERSED AND REMANDED.
*914 FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C. J., concurs specially.